THE STATE v. JAMES STRATTON, Appellant.

Division Two, December 20, 1926.

1. **INTOXICATING LIQUOR: Moonshine: No Proof.** In the trial of a defendant charged with giving away moonshine whiskey it is necessary for the State to prove that the liquor given away was moonshine whiskey. And proof that the whiskey was "as good as bottled-in-bond whiskey" is not proof that it was not bonded whiskey, or that it was illegally manufactured.

2. ————: **Gift: Instruction: Property of Defendant.** Intoxicating liquor unlawfully manufactured is contraband, to which no one has title, and it is wholly immaterial who claims to own it. The act of delivering unlawfully manufactured whiskey gratuitously to another constitutes a gift thereof within the meaning of Section 21, Laws 1923, page 242. Therefore, in the trial of a charge that defendant gave away moonshine whiskey, wherein the evidence shows that another drove his buggy to a field where defendant and others were baling hay and that defendant took a bottle from the buggy and passed it around to his co-workers who drank out of it, the

court should not instruct the jury that unless they find that "the bottle and its contents, mentioned in evidence, was the property of defendant" they cannot convict.

Corpus Juris-Cyc. References: **Intoxicating Liquors,** 33 C. J., Section 232, p. 605, n. 36; Section 351, p. 660, n. 49; Section 480, p. 745, n. 33; Section 541, p. 786, n. 52.

Appeal from Marion Circuit Court.—*Hon. Virgil L. Drain,* Special Judge.

REVERSED AND REMANDED.

*E. W. Nelson* and *Lewis O'Connor* for appellant.

(1) The record does not show that the defendant had any proprietary interest in the whiskey mentioned in evidence, but on the contrary shows that the whiskey was hauled into the field in Carpenter's buggy, driven by Carpenter, and that defendant picked up the bottle out of the buggy as Carpenter was in the act of driving away with it, drank out of the bottle and handed it to the others present. The effect of a gift as between the parties to the transaction, if completely executed, is to effectually transfer the full title and ownership in the property from the donor to the donee, as much so, as if the article had been sold for a valuable consideration. In re Soulard, 141 Mo. 656; Dunn v. Bank, 109 Mo. 97; Tomlinson v. Ellison, 104 Mo. 105; Jones v. Falls, 101 Mo. App. 543; McCord v. McCord, 77 Mo. 166; Walter v. Ford, 74 Mo. 195. Defendant's Instruction 5 should have been given. (2) Section 21, Laws 1923, p. 242, makes it a felony to give away "hootch" "moonshine" "corn whiskey," or in other words, any unlawfully manufactured whiskey. There is no evidence in the record that the liquor alleged to have been given away was moonshine whiskey. No witness testified that the liquor was moonshine. State v. Wright, 280 S. W. 705; State v. Gatlin, 267 S. W. 799; State v. Starr, 244 Mo. 182. (3) The defendant's demurrer to the evidence should have been given. State v. Gatlin, 267 S. W. 799; State v. Johnson, 209 Mo. 357; 25 R. C. L. 1018, 1019; State v. Bryant, 90 Mo. 538; State v. Reid, 125 Mo. 48; State v. McMahan, 234 Mo. 614.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

(1) The evidence was sufficient to take the case to the jury. Weight thereof is for their consideration. This court will not interfere. State v. Rowland, 174 Mo. 373; State v. Bennett, 270 S. W.

295; State v. Thogmartin, 270 S. W. 313; State v. Lipps, 267 S. W. 942. (2) Defendant complains of the refusal of the court to give defendant's instruction numbered 5. There was abundant evidence to show possession of bottle and contents with the full knowledge and consent of the defendant. Defendant's own statement implies it was moonshine whiskey. Such liquor is declared to be contraband and stripped of all property rights. Impossible to show legal ownership. Such showing is not necessary. Sec. 25, p. 244, Laws 1923. (3) The courts will take judicial notice that whiskey is intoxicating liquor. State v. Griffith, 279 S. W. 135; State v. Dengolensky, 82 Mo. 45; State v. Williamson, 21 Mo. 498; Black on Intoxicating Liquor, par.· 12, p. 14; Bishop on Statutory Crime, par. 1038.

BLAIR, J.—Defendant was convicted of giving away moonshine whiskey, in violation of Section 21 of Laws of 1923, page 242; was sentenced to imprisonment in the penitentiary for two years, and has appealed.

The defendant offered no testimony. The evidence offered on the part of the State tends to show that on or about July 25, 1923, one Carpenter drove his horse and buggy to a field on a farm in Marion County, where defendant and others were baling hay, and that defendant took a bottle from Carpenter's buggy and drank from it, put it between two bales of hay and afterwards passed the bottle around among some of his co-workers and gave them a drink out of the bottle. There was evidence tending to show that the liquor contained in the bottle was whiskey. There was no evidence that such liquor was moonshine whiskey or other illegally manufactured whiskey, the giving away of which is denounced as a felony by said 1923 Act. The only mention of the term "moonshine whiskey" in the entire testimony is in a question to which the trial court sustained an objection, and the proof was not afterwards tendered in any other manner. At another place in the record it appears that one of the persons who drank some of the liquor said at the time he drank it that it was as good as bottled-in-bond whiskey. Even if such recommendation of the liquor had been given in testimony by a witness at the trial, the fact that the whiskey was as good as bottled-in-bond whiskey would not prove that it was not such bonded whiskey or that it was illegally manufactured.

The indictment charged that the defendant gave away moonshine whiskey. It was necessary for the State to prove that the liquor was moonshine whiskey.

In State v. Gatlin, 267 S. W. l. c. 799, we said: "The statute on which this prosecution is based declares the transportation of 'hootch,' 'moonshine,' 'corn whiskey,' to be a felony. In this case the evidence is that the jugs and jars transported contained whiskey; there

is no evidence that they contained corn whiskey. Hence the court erred in overruling the demurrer to the evidence.''

The trial court should not have submitted the case to the jury under the indictment found and the proof made. This necessitates the granting of a new trial.

Defendant asked and the court refused to give the following instruction:

''The court instructs you that before you can convict the defendant you must find and believe from the evidence and beyond a reasonable doubt that the bottle and its contents, mentioned in evidence, was the property of defendant Stratton.''

The contention is that one cannot give away anything to which he has no title. We are not impressed with this contention and find it to be without merit. The cases cited by defendant are civil cases dealing with gifts of property to which title can legally be held. Intoxicating liquor unlawfully manufactured is contraband. [Sec. 6601, R. S. 1919.] No one can have title to such liquor. Hence, title to such liquor cannot be transferred either by sale or gift. To require the State to show that one selling or giving away moonshine or other unlawfully manufactured whiskey was the owner of such liquor would be to open wide the door to perjury and make a farce of Section 21, Laws 1923, page 242, and other sections of the prohibition law. It is wholly immaterial who *claims* to own such liquor. It is the act of delivering such unlawfully manufactured whiskey to another gratuitously which constitutes a gift of such liquor within the meaning of said section.

Other questions are suggested by the brief, but they are of such character that they will not likely recur upon another trial and need not now be considered.

The judgment is reversed and the cause remanded. All concur.