THE STATE v. WILLIAM TRACY, Appellant.—29 S. W. (2d) 159.

Division Two, June 11, 1930.

*C. I. Bennington* and *Crawford & Harlan* for appellant.

*Stratton Shartel,* Attorney-General, and *Ray Weightman,* Assistant Attorney-General, for respondent.

HENWOOD, C.—The defendant and Henry W. Byrd were jointly charged, in the Circuit Court of Benton County, with the unlawful transportation of "moonshine, corn whiskey." The venue was changed to the Circuit Court of Bates County, where the defendant was tried alone, convicted, sentenced to imprisonment in the county jail for one year, and, in due course, appealed.

I. The defendant challenges the authority of the State to allege in the information that he has been previously convicted of the unlawful possession of "moonshine, corn whiskey." Omitting formal parts, the information reads as follows:

"F. M. Brady, Prosecuting Attorney, within and for the County of Benton, in the State of Missouri, for his first amended information herein, upon his oath, informs the court and charges that on or about the 8th day of June, 1928, at the said County of Benton and State of Missouri, William Tracy and one Henry W. Byrd did then and there unlawfully and feloniously transport moonshine, corn whiskey; against the peace and dignity of the State.

"And the said F. M. Brady, Prosecuting Attorney aforesaid, further informs the court, that the said William Tracy, has heretofore, to-wit: on the 24th day of March, 1924, and on the 15th day of December, 1925, been convicted in the Benton County, Missouri Circuit Court of violations of Article Seven, Chapter 52 of the 1919 Revised Statutes of Missouri and the amendments thereto, by unlawfully having in his possession moonshine, corn whiskey, within the said Benton County, Missouri; against the peace and dignity of the State."

The offense charged in the information, that is, the offense of unlawfully transporting "moonshine, corn whiskey" is expressly declared to be a felony by Section 21 of the Prohibition Act of

1923 (Laws 1923, p. 242), which provides that any person convicted of that offense shall be punished "by imprisonment in the state penitentiary for a period of not less than two years, nor more than five years, or by either a fine of $500 or imprisonment in the county jail for a term of not less than three months nor more than twelve months, or both."

The Attorney-General concedes that Section 3702, Revised Statutes 1919, known as the Habitual Criminal Act, relates only to previous convictions in felony cases, but contends that, under the provisions of Section 22 of the Prohibition Act of 1923 (Laws 1923, p. 243), the prosecuting attorney is authorized, in charging a felony under the prohibition law, to allege that the person so accused has been previously convicted of a misdemeanor under the prohibition law. Section 22 of the Prohibition Act of 1923 says:

"Any person convicted of any violation of the provisions of this act, or any of the provisions of article 7, chapter 52, Revised Statutes of Missouri 1919, and acts amendatory thereto, and *wherein no different punishment is fixed*, shall, for the first conviction, be punished by a fine in a sum of not less than two hundred dollars ($200) nor more than one thousand dollars ($1,000), or by imprisonment in the county jail for a period of not less than thirty (30) days nor more than one (1) year, or by both such fine and imprisonment; and for the second conviction, such person shall be punished by a fine in a sum of not less than three hundred dollars ($300) nor more than one thousand dollars ($1,000) and by imprisonment in the county jail for a period of not less than three (3) months nor more than one (1) year; for the third and each subsequent conviction such person shall be punished by a fine of one thousand ($1,000) dollars and imprisonment in the county jail for a period of one year. The attorney-general, or prosecuting attorney in preparing complaints, informations, or indictments, for a second, or any subsequent violation of the provisions of this article, shall allege therein the fact of such previous convictions." (Our italics.)

This section does provide that the Attorney-General or prosecuting attorney shall allege, in certain cases, the previous conviction or convictions of habitual offenders, as a basis for additional punishment. But, it is apparent at once, from the range of punishment prescribed for such offenders, that the provision in this section relating to previous convictions applies only to prosecutions for certain misdemeanors, and not to prosecutions for felonies, under the prohibition law. There is no provision in the prohibition law, nor in any other law of this State, which authorizes the Attorney-General or a prosecuting attorney, in charging a felony, to allege that the person so accused has been previously convicted of a misdemeanor. It follows that the defendant's challenge of the information must be sustained.

II. The State being without authority to allege the previous convictions of the defendant, the trial court committed prejudicial error in admitting proof of such previous convictions, over the objection of the defendant, in the State's case in chief.

II. The State being without authority to allege the previous the other assignments of error.

For the reasons indicated above, the judgment is reversed and the cause remanded. *Davis* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.