THE STATE v. NEAIL MILLER, Appellant.—44 S. W. (2d) 15.

Division Two, December 1, 1931.

180

*Floyd L. Sperry, Vance Julian* and *Jones & Wesner* for appellant.

*Stratton Shartel,* Attorney-General, and *Don Purteet,* Assistant Attorney-General, for respondent.

COOLEY, C.—Defendant was charged by information with the felonious sale of one pint of corn whiskey, an offense denounced as a felony by Section 4500, Revised Statutes 1929. The information also charged two prior convictions of unlawful *possession* of "intoxicating liquor." Defendant was tried and convicted, the jury returning the following verdict: "We the jury find the defendant guilty as charged and assess his punishment at a fine of one thousand ($1000) dollars and one year in the county jail." From sentence and judgment upon the verdict he appealed, the appeal being granted to the Kansas City Court of Appeals. The latter court transferred the cause to this court on the ground that, the offense charged and of which defendant was convicted being a felony (see Sec. 4471, R. S. 1929), appellate jurisdiction is in the Supreme Court; a conclusion in which the Court of Appeals was right. [State v. Dalton (Mo.), 289 S. W. 569.] The transcript originally filed did not contain a properly certified bill of exceptions. That deficiency has been supplied by leave of this court and the whole record is now before us.

The State introduced evidence tending to show a sale of "whiskey" by defendant at the time and place named in the information, but there was no evidence tending to prove that the liquor so sold was

182

"corn whiskey" or that it was illegally manufactured whiskey. Defendant at the trial admitted one prior conviction of the misdemeanor of unlawfully possessing intoxicating liquor and the record of another such conviction was introduced. The trial court did not submit to the jury the offense of selling "corn whiskey," but submitted the case upon an instruction directing that if the jury found that the defendant had sold one pint or any quantity of "whiskey" and that the same was intoxicating, he should be found guilty and his punishment assessed "at a fine of one thousand dollars and imprisonment in the county jail for a period of one year."

I. We have held that in a prosecution for felony under this statute it is not permissible to charge prior convictions of violation of the misdemeanor provisions of the prohibition law such as were here charged. [State v. Tracy, 325 Mo. 568, 29 S. W. (2d) 159.] It is suggested in the State's brief that the information sufficiently charges the sale of corn whiskey and that since the information was not challenged before trial and no objection was made to the evidence offered to prove said prior conviction the error was waived and cannot now be urged as reversible. Since the judgment must be reversed on other grounds we need not discuss the question thus suggested further than to observe that under the instructions given the fact of the prior convictions affected the extent of the punishment assessed. In the event of another trial the charge of prior convictions of misdemeanors should be omitted.

II. While the court did not submit to the jury the felony charged in the information the instructions directed a general verdict of guilty if the jury found that the defendant had sold "whiskey." Defendant was charged with the sale of corn whiskey and the verdict was "guilty as charged." The evidence does not support that verdict, there being no evidence that the liquor sold was corn whiskey. [State v. Kroeger, 321 Mo. 1063, 13 S. W. (2d) 1067.] Obviously for that reason the verdict cannot stand.

III. Defendant asked and the court refused an instruction in the nature of a demurrer to the evidence. Error is assigned in that ruling. We think the demurrer should have been sustained. The statute makes the sale, transportation, etc., of "hootch, moonshine, corn whiskey" a felony and expressly provides that it shall not apply "in case of corn whiskey lawfully manu-

factured, transported or sold.'' Whiskey, that is, lawfully manufactured whiskey, is thus by' express provision of the statute excluded.

The term ''corn whiskey'' as used in the statute means illegally manufactured corn whiskey. It matters not by what name it is called, the liquor referred to in Section 4500, supra, the sale of which is made a felony, is a different commodity from whiskey lawfully manufactured, the unlawful sale of which would be only a misdemeanor. See State v. Kroeger, supra, where this subject was fully considered by the court en banc. In view of the statute and the construction we have uniformly given it, it cannot logically be said that the sale of ''whiskey'' is included in a charge under this statute of selling ''corn whiskey'' or that it is a lower degree of the offense charged. We have heretofore in effect held that selling or giving away ''whiskey,'' a misdemeanor, is not included in a charge under this statute of selling or giving, etc., the liquors named in the felony statute.

In State v. Stratton (Mo.), 289 S. W. 568, the defendant was charged under this statute with giving away moonshine whiskey. The proof tended to show that he had given away whiskey. It was held that the court should not have submitted the case to the jury ''under the indictment found and the proof made.''

In State v. Gatlin (Mo.), 267 S. W. 797, the defendant was charged with transporting hootch, moonshine and corn whiskey. The proof tended to show that he had transported whiskey, the unlawful transportation of which, under other provisions of the prohibition law, would be only a misdemeanor. It was held that the trial court had erred in overruling the defendant's demurrer to the evidence.

In State v. Hancock (Mo.), 7 S. W. (2d) 273, the defendant was charged with felonious transportation of hootch, moonshine, corn whiskey, and was found guilty of ''*possessing* moonshine liquor as charged in the information.'' (Italic ours.) This court said:

''The offense charged is a felony, as defined by Section 21, Laws 1923, page 242, and the offense of which appellant was found guilty is a misdemeanor, as defined by new Section 6588, Laws 1921, page 414. It is therefore apparent, on the face of the record, that appellant was charged with one offense and convicted of another offense . . . The defect in this verdict is not a mere informal one which is corrected by the Statute of Jeofails. [Sec. 3908, R. S. 1919.] *Nor is the offense charged one of a class of related offenses, in which a person may be charged with one offense and convicted of another or lesser offense, as provided in Sections 3690, 3692, 3693, Revised Statutes 1919*'' (now Secs. 4449, 4451, 4452, R. S. 1929). (Italics ours.)

184

The logic of the situation and of our holdings in the three cases last above cited, as well as the reasoning in the Kroeger case, supra, is that a charge of selling lawfully manufactured whiskey is not included in a charge under Section 4500, supra, of selling corn whiskey, and that, therefore, a person charged under that section with the felony of selling corn whiskey cannot be convicted under such indictment or information of the misdemeanor of unlawfully selling whiskey. It follows that in this case the court erred in submitting the case to the jury on instructions authorizing conviction, as for a misdemeanor, upon the evidence tending to show only a sale of whiskey.

IV. In the opening statement to the jury reference was made by the prosecuting attorney, over defendant's objection, to an injunction suit filed against defendant, and considerable evidence was introduced, over defendant's objections, tending to show that his residence was visited with considerable frequency by divers people and that he was not apparently carrying on very active farming operations. He lived in the country, apparently a tenant of a small place the extent of which does not appear clearly in the record. That evidence was probably offered for the purpose of raising a suspicion or an inference that the defendant was engaged in the business of selling liquor illegally rather than in farming or other honest occupation. It should not have been admitted. Defendant was charged with a specific sale and the proof should have been limited to evidence tending to prove that sale.

The State on another trial, if it elects to try the case again, may be able to supply proof, lacking on this trial, that the liquor sold was corn whiskey. We shall therefore remand the cause for such further proceedings as the State may be advised to take.

The judgment of the circuit court is reversed and the cause remanded. Westhues and Fitzsimmons, CC., concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All of the judges concur.