THE STATE v. OLEN RAINES, Appellant.—62 S. W. (2d) 727.

Division Two, August 12, 1933.

*Jones & Wesner* for appellant.

*Roy McKittrick*, Attorney-General, and *Geo. B. Strother*, Assistant Attorney-General, for respondent.

WESTHUES, C.—Appellant was convicted in the Circuit Court of Pettis County, Missouri, of driving an automobile while in an intoxicated condition. The motion for new trial, filed by appellant, was overruled and a sentence of two years' imprisonment in the penitentiary was imposed in accordance with the verdict of the jury. From this sentence an appeal was taken.

Appellant, under a number of assignments of error, has questioned the sufficiency of the evidence to support the verdict. These assignments, as will be presently noticed, are without merit. It is claimed that the venue was not proven. A. B. Robertson, a deputy sheriff, testified that he was operating a filling station near Highway 65, a short distance from Sedalia, Pettis County, Missouri; that he saw appellant just as he was pulling off of the slab near his place of business. Appellant was later arrested at this place and

lodged in jail. This was sufficient to sustain a finding that the venue of the alleged crime was in Pettis County, Missouri. [State v. Sorrells, 50 S. W. (2d) l. c. 1019 (2-4) and cases there cited.]

▉ It is also asserted that the State failed to prove that appellant operated an automobile on a highway, as charged, or that appellant was at the time intoxicated. Witness Robertson testified that a few minutes after appellant had driven off of the slab he received a complaint from some source about appellant; that thereupon he went to appellant's car and found him sitting behind the steering-wheel in a stupor; that when he opened the door of the car appellant nearly fell out. Robertson was unable to awaken appellant. There was a strong odor of liquor about the car and much evidence that appellant had vomited. Two witnesses testified that appellant was unable to walk or stand without aid. In his own behalf appellant testified, when cross-examined, as follows:

"MR. SALVETER: 'But you state you were not intoxicated in any way out there when they arrested you?' A. 'When I was arrested, why yes, more or less, but I wasn't when I stopped. I seen I was going to get drunk or sick, that is why I stopped, to keep from driving.'

"Q. 'Were you drunk when they arrested you?' A. 'I was awfully sick, I don't know whether I was drunk.' "

According to defendant's own statements he had been drinking and indirectly admitted that he might have been rather drunk. The jury evidently did not believe that appellant, within a few minutes, could have passed from a sober state to a state of intoxication to such an extent that he was unable to walk or stand. The evidence was ample from which the jury could find that appellant was intoxicated while driving upon the highway with his car. [State v. Griffin, 320 Mo. 288, 6 S. W. (2d) 866.] The assignments of error pertaining to the sufficiency of the evidence are ruled against appellant.

▉ Appellant urges that at his request the trial court should have declared a mistrial for improper statements made by the prosecutor during the opening statement to the jury. The statements complained of are that the evidence would show that there were two gallon jugs of whiskey in appellant's car at the time he was arrested and that appellant tried to sell the whiskey to the officers who arrested him. The trial court overruled appellant's objection to the statement with reference to the two jugs of whiskey. The objection to the statement of the attempted sale of whiskey to the officers was sustained with the admonition that the jury would get that out of their minds. The request to discharge the jury was overruled.

The trial court was right in ruling that the presence of the whiskey in the car was competent evidence in this case. It tended to prove that the means of becoming intoxicated were afforded. This identical

question was before this court and decided against appellant's contention in State v. Hatcher, 303 Mo. 1. c. 24, 25, 259 S. W. 467.

In the oral argument, attorney for appellant charged that the statement with reference to the attempted sale of the whiskey to the officers was maliciously made by the prosecutor with intent to prejudice the jury against appellant. We do not think the record justifies this accusation. Evidence of the conduct of appellant at the time he was arrested, which would tend to prove that he was intoxicated, was competent. The use of whiskey has various effects upon the conduct of man, as was well said by LAMM, C. J., in Donaldson v. Donaldson, 249 Mo. 288, 155 S. W. 1. c. 794.

"To theorize on the effect of the use of whisky on the will power of men generally depends too much on the extent of the use; the individual man (and, it may be, the quality of the liquor) to be of value in deciding this case. The case cannot be permitted to break on a philosophical view of some moot point in physiology or psychology. Peradventure drinking makes some men surly, ugly, unaccommodating, and obstinate; some mellow, merry, and yielding; some vivacious and witty; some stupid and sodden; and, since the days of Noah to this very day, all men the worse off in the long run. Proverbs, xxiii, 29, 30, 31, 32, q. v."

See, also, State v. Griffin, supra. So the prosecuting attorney in this case may have thought (and the thought may have had a good foundation) that defendant was so drunk that he considered it would be a good joke if he sold the whiskey to the officers. Discharging a jury and declaring a mistrial for improper remarks or statements made by attorneys during the progress of a trial rests largely in the discretion of the trial court. [Rockenstein v. Rogers, 31 S. W. (2d) 792, 326 Mo. 468; Kamer v. Mo., Kan. & Tex. Ry. Co., 32 S. W. (2d) 1. c. 1084 (17, 18), 326 Mo. 792.] In this case the trial court sustained appellant's objection and instructed the jury to disregard the statement. Under the circumstances the action of the trial court in refusing to discharge the jury and declare a mistrial was proper.

It is also claimed that the court erred in permitting the State to introduce in evidence the jugs of whiskey found in appellant's car. The cases of State v. Aurentz, 263 S. W. 178, and State v. Miller, 329 Mo. 179, 44 S. W. (2d) 15, are cited to sustain appellant's contention. These two cases are not in point. In the Aurentz case a bottle of whiskey, found in appellant's car one hour after appellant had left the scene of a homicide with which he was charged, was admitted in evidence. The admission of this evidence was held error because it had no relation to the crime for which the defendant was on trial. In the Miller case defendant was charged with the sale of corn whiskey. Evidence that defendant's place was frequently visited by divers persons was held to have been erroneously admitted as not tending to prove any fact at issue in the case. In the

case at bar, however, evidence of the presence of whiskey in appellant's car, as above indicated, was admissible to show that appellant had easy access to whiskey and the means of becoming intoxicated. It was, therefore, not error to have the jugs of whiskey in court as exhibits for the purpose of identifying them as the property found in appellant's car.

■ Complaint is made of the failure of the trial court by its instructions to define the phrase "in an intoxicated condition." Appellant asserts that our ruling in the case of State v. Reifsteck, 295 S. W. 741, l. c. 742, 317 Mo. 268, to the effect that the phrase referred to need not be defined, is erroneous and cites People v. Weaver, 177 N. Y. Supp. 71, 188 App. Div. 395, as announcing the correct rule. An examination of the New York opinion will disclose that it does not hold that a trial court must of its own motion define the term "intoxicated condition" in a prosecution of a defendant for driving a car while in such a condition. The opinion does criticise the instruction that was given in that case and we think the criticism was justified. It will be noticed that while the court attempted to define the term "intoxicated condition" the meaning of the term under the law was left to the jury with comments that tended to mislead them. Note the following quoted from the instruction:

" 'It is probable, and I am leaving that to you to decide, gentlemen, as to just what that law means, just what intoxication is contemplated. It is probably true that the lawmakers had in mind to prohibit the operation of an automobile by a man not in a normal condition because of drink, by a man whose mental and physical abilities were affected to some extent by drink. Now, as to just how much or how far, gentlemen, a man might be affected by drink and still not be intoxicated, or being intoxicated within the meaning of this statute, I must leave to you to decide. . . . Now, there might be two elements to be considered upon the question of intoxication; one I should say would be the proof of the drinking of the liquor; the other would be perhaps the evidence of the effect of that liquor upon a man who had drunk it. How did he act after it? What did he do? Was he affected by it? Was (sic) his mental and physical faculties out of normal because of that liquor?' "

The court had the following to say with reference to that instruction:

"So in the statute under which the defendant has been convicted the meaning of the term clearly is that one shall not be affected by alcoholic beverage to such an extent as to impair his judgment or his ability to operate an automobile. We may adopt the rule suggested by the learned district attorney in his brief in this case, as follows: 'Hence, for the purposes of the statute under which defendant is convicted, he is intoxicated when he has imbibed enough liquor to render him incapable of giving that attention and care

to the operation of his automobile that a man of prudence and reasonable intelligence would give.' The difficulty is that the learned judge did not limit the jury to that rule. It may be difficult to draw the line between sobriety and intoxication. Because of such difficulty it may generally be proper to permit the jury to draw that line; but we think the jury should at least have been instructed that intoxication, within the meaning of this statute means such a condition as impairs to some extent, however slight it may be, the ability of a person to operate an automobile. That is carrying the meaning of the term beyond its common and frequent use. A common-sense and conservative meaning of the word may be given in the language above quoted from Ruling Case Law, viz.: Intoxication 'implies undue or abnormal excitation of the passions or feelings, or the impairment of the capacity to think and act correctly and efficiently, and suggests a loss of the normal control of one's faculties.' The jury in this case was permitted to find the defendant guilty of intoxication if he was 'affected by drink' to any extent, even though his judgment and mental and physical faculties were entirely unimpaired and his ability to operate the automobile entirely unaffected.

"As above pointed out, the intoxication of the defendant, if he was intoxicated, must be inferred from the circumstance that he drank beer, and in opposition to the uncontradicted evidence that it produced no noticeable effect. The question of his guilt was close and doubtful. The circumstances of the collision conduced to inflame the minds of the jury and to produce a conviction for reckless driving of an automobile rather than for intoxication. It was therefore of the utmost importance to the defendant that the jury should have a proper understanding of their duty in determining the question of his intoxication. That was the only question for them to determine. In reaching such determination they were not properly guided or confined within proper limits. An error prejudicial to the defendant was thereby committed."

The above quotations from the New York opinion disclose that it is not an authority supporting appellant's contention. It would have been better if the court had not attempted to define the term. If a defendant thinks it necessary that the term should be defined he should request an instruction to that effect. We desire to reaffirm our holding in the Reifsteck case that the term need not be defined. Any intoxication that in any manner impairs the ability of a person to operate an automobile is sufficient to sustain a conviction under the statute in question, that is, subdivision (g) of Section 7783, Revised Statutes 1929. A jury would readily understand that what is meant by an "intoxicated condition" in connection with a charge of this nature is drunkenness to such an extent that it interferes with the proper operation of an automobile by the defendant. The point is ruled against appellant.

544

Finding no reversible error in the record the judgment of the trial court is affirmed. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.