**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Everett WELCH, Defendant-Appellant.**

**No. 49730.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 3, 1985.

Everett Welch, pro se.

David R. Orzel, Pros. Atty., Farmington, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Everett Welch, appeals misdemeanor conviction in a court-tried case. The charge was "following another vehicle too closely" in violation of § 304.017 RSMo Supp.1984. The judgment of the court was a fine of $50.00 and costs.

Defendant, acting pro se at trial and on appeal, wholly failed to comply with the requirements of Rule 84.04 in the preparation of his brief. There is no jurisdictional statement, no statement of facts which fairly and concisely present the facts relevant to the questions presented, and no point relied on which defines or limits any claim of trial court error. Our study of the legal file and transcript inclines us to believe that the claim of error relates to the failure of the state to make a submissible case. However, we do not reach this issue or any other that may have been intended for the reason that we find that any issue is moot because of the voluntary payment of the fine and costs before appeal. The question of mootness or the deficiencies in

the brief or both may account for the failure of the respondent to file a brief.

 The legal file discloses that on the day the court found defendant guilty, and sentenced him to pay a fine and costs, the defendant paid the assessment without comment on the record. The payment was not made under protest or with any reservation. Defendant did not request nor does the record reflect that defendant deposited the payment with the court in the nature of a bond.

The effect of voluntary payment of a fine and costs on the right of appeal in a criminal case is one of first impression in Missouri. We have ruled in civil cases that a defendant who makes payment on a judgment against him is barred from appealing from that judgment if payment is made by the defendant voluntarily. *Leonard v. Pioneer Finance Co.*, 568 S.W.2d 937, 943–944 (Mo.App.1978), and cases cited therein. We hold that in order to preserve any issues for appeal in a criminal case the defendant must make payment of a fine under circumstances that record the payment as not voluntarily made, if payment occurs before appeal. We do not decide the effect of payment after appeal if made under an express reservation of the issues. Posting an approved bond would be the better procedure. This view adopts the majority rule found in the decisions of other jurisdictions. *See* 74 A.L.R. 638 (1931), and cases cited therein.

Our holding is limited to the present facts. No appeal will lie in a criminal case where a defendant is judged guilty and the sentence is a fine and costs, and the judgment is satisfied by defendant voluntarily. Under these circumstances, the state is no longer an interested party and the issues are moot.

Defendant's appeal is dismissed for lack of jurisdiction.

SIMON and GARY M. GAERTNER, JJ., concur.