**STATE of Missouri, Respondent,**

v.

Jonathan Andrew **BRIGHTMAN**, **Appellant**.

No. WD 74299.

Missouri Court of Appeals,
Western District.

Oct. 2, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 25, 2012.

Application for Transfer Denied Jan. 29, 2013.

Brent M. Nelson, Columbia, MO, for respondent.

Robert S. Adler, St. Louis, MO, for appellant.

Before Special Division: ZEL FISCHER, Special Judge, Presiding, MARK D. PFEIFFER, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Jonathan Brightman was convicted after a jury trial in Boone County Circuit Court of driving while intoxicated, Section 577.010.[1] We reverse and remand.

### Factual Background[2]

Brightman was charged with driving while intoxicated, and for failing to signal prior to turning[3] on December 17, 2009.

At approximately 2:35 a.m., Brightman was driving his vehicle when the police observed that he failed to signal prior to making a left hand turn. After pulling over Brightman's vehicle, the officer noticed that Brightman had a strong odor of intoxicants on his breath, and also had

---

1. All statutory citations are to RSMo 2000 as updated through the most recent cumulative supplement, unless otherwise indicated.

2. "This Court reviews the evidence in the light most favorable to the jury's verdict."

*State v. Winfrey*, 337 S.W.3d 1, 3 (Mo. banc 2011).

3. The failure to signal charge was dismissed by the State prior to trial.

bloodshot and glassy eyes. When asked by the officer whether he had consumed alcohol prior to driving, Brightman responded by stating "a couple, but not much."

The officer requested that Brightman participate in the three standardized field sobriety tests, and Brightman complied with this request. During this testing, Brightman failed the one-leg-test by: (1) swaying while balancing and (2) putting his foot down during the test.[4] Brightman also failed the horizontal gaze nystagmus test ("HGN") by manifesting nystagmus in all six phases of the test.[5] The officer further testified that while Brightman failed to touch his heel to toe on more than one occasion during the walk and turn test, his performance was otherwise sufficient to pass this test.

Based on these observations, and a preliminary breath test which showed the presence of alcohol, the officer placed Brightman under arrest for driving while intoxicated. Brightman submitted to a breath test which revealed that he had a blood alcohol concentration of 0.119%.

On July 13, 2011, this matter was tried before a jury. At the conclusion of trial, the jury found Brightman guilty of driving while intoxicated.

After a sentencing hearing on August 15, 2011, the trial court sentenced Brightman to thirty days in jail with execution of that sentence suspended and Brightman was placed on probation for two years. The Circuit Clerk's office taxed costs to Brightman in an amount totaling $1,149.90, which included the costs of the jury.

Brightman now appeals, arguing seven Points on appeal.

## Analysis

In Point One, Brightman argues that the "trial court erred in admitting the breath test results because, based on the evidence (the testimony of the arresting officer, the DVD of the stop, field sobriety tests and arrest) there was no probable cause to arrest Defendant and a trial judge in the administrative revocation had previously found no probable cause to arrest based on the same evidence therefore issues preclusion applied based on res judicata and collateral estoppel and the motion to suppress the breath test results should have been sustained." We disagree.

■ Here, Brightman brings multiple claims of error in one Point Relied On, which is a sufficient basis to deny any relief on the Point Relied On. *State v. Agee*, 350 S.W.3d 83, 96–7 (Mo.App. S.D. 2011) ("Multiple claims of error in one point relied on render[ ] the point multifarious and as such is a violation of Rule 84.04, made applicable to briefs in criminal appeals by Rule 30.06(c). Generally, multifarious points preserve nothing for appellate review and are ordinarily subject to dismissal."). *Ex gratia*, we review the dis-

---

4. There was video of this test which shows the officer telling Brightman that if he put his foot down during the test to immediately pick it back up and continue. Brightman argues without citation to any authority that this instruction invalidates this clue on the test. Therefore Brightman asserts that he passed this test. Brightman waived appellate review of this issue by failing to raise the merits of this claim in a Point Relied On. *See* Rule 84.04.

5. On appeal, Brightman argues in the factual section of his brief that because "the test was compromised it was invalid." Brightman made this argument before the trial court in an attempt to preclude the jury from hearing this HGN evidence, but the trial court overruled the objection. Brightman also waived appellate review of this issue by failing to raise the merits of this claim in a Point Relied On. *See* Rule 84.04.

tinct issues presented in this Point Relied On in turn.

■■■ Here, the gravamen of Brightman's claim in this Point Relied On is that there was not probable cause to arrest him for driving while intoxicated. A person commits the crime of "driving while intoxicated" if he operates a motor vehicle in an intoxicated or drugged condition. Section 577.010. In reviewing the trial court's ruling on the probable cause for an arrest, the appellate court considers all evidence and reasonable inferences in the light most favorable to the ruling and defers to the trial court's credibility determinations. *State v. Ondo,* 231 S.W.3d 314, 315 (Mo. App. S.D.2007). "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that the suspect has committed an offense." *Id.*

Here, there is no dispute that Brightman was operating a vehicle. Further, there was evidence that prior to being arrested for driving while intoxicated, (1) Brightman admitted that he had been drinking prior to being stopped, and (2) the officer made various observations supporting his belief that Brightman was intoxicated (strong odor of intoxicants on his breath, blood shot and glassy eyes, failure of the one-leg-test, and failure of all six clues of the horizontal gaze nystagmus test). *See State v. Keeth,* 203 S.W.3d 718, 724 (Mo.App. S.D.2006) ("Defendant smelled of an intoxicating beverage, had red eyes, his speech was slurred, and he was unsteady in his gait. Upon routine questioning by a law enforcement officer investigating the accident, Defendant admitted to drinking two or three beers an hour or so before the accident. . . . Defendant failed three field sobriety tests administered by Patrolman Hedrick.").[6] This case is factually distinguishable from *Keeth* only in that Brightman passed one of the three standardized field sobriety tests. This distinction is not cause for relief for Brightman, in that our standard of review requires us to view the facts in the light most favorable to the ruling below. *State v. Sund,* 215 S.W.3d 719, 723 (Mo. banc 2007).

■■■ Brightman also argues under this Point that the trial court was somehow bound by the findings of a different judge, in a different action regarding the administrative review of the suspension of Brightman's driver's license. The trial judge in the administrative action found that there was not probable cause to arrest Brightman for driving while intoxicated. But Missouri law is clear that such a finding is not binding on the court in the criminal action. The legislature has determined that in an administrative proceeding to revoke or suspend a driver's license, "the determination of these facts by the Department (of Revenue) is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence." Section 302.505. "The operation of a motor vehicle while under the influence of intoxicants gives rise to separate and independent proceedings, one civil and

---

6. Our holding under this Point is also dispositive of Brightman's seventh Point. In his seventh Point Relied On, Brightman argues that *"[i]f* the Defendant was not arrested on probable cause to believe he was driving a motor vehicle while intoxicated then his post arrest statements should be suppressed." (Emphasis added.) But for the reasons explained herein, the trial court did not err in concluding that the police officer had probable cause to arrest Brightman. Accordingly, we may summarily reject Brightman's seventh Point Relied On because to be entitled to the requested relief Brightman concedes that he must first demonstrate that the police did not have probable cause to arrest him.

one criminal, and the outcome of one proceeding is of no consequence to the other." *State v. Purvis,* 739 S.W.2d 589, 591 (Mo. App. S.D.1987).[7] Simply put, Brightman has failed to cite to any authority to demonstrate that the above does not apply to the instant case.

Therefore, for all of the aforementioned reasons, Point One is denied.

In Point Two, Brightman argues that the "trial court erred in submitting instruction 5 [as] the verdict director on [the] driving while intoxicated [charge]." We disagree.

■ This argument fails by the simple fact that it is undisputed that the trial court instructed the jury using the applicable Missouri Approved Instruction, MAI–CR 3d 331.02. "Whenever there is an MAI–CR instruction or verdict form applicable under the law and Notes On Use, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c).[8] "When an applicable MAI–CR instruction is available, that instruction must be given by the trial court as written, and its use will not constitute error." *State v. Davis,* 203 S.W.3d 796, 798 (Mo. App. W.D.2006). Accordingly, "[t]he failure to give an instruction in accordance with an MAI or any applicable Notes on Use is error, the prejudicial effect to be judicially determined." *State v. Michael,* 234 S.W.3d 542, 553 (Mo.App. E.D.2007).

Here, it is not disputed that the instruction in question, Instruction No. 5, tracked MAI–CR 3d 331.02, accurately and properly.[9] Rather, Brightman argues on appeal that "the time has come to change the instruction" and that "[i]f this Court does not believe it has the ability it should reverse this case on the facts of this case." Brightman further argues that because MAI–CR 3d 331.02 does not define terms such as "intoxicated condition," it does not track the current state of the law. The Missouri Supreme Court recently expressly rejected this argument:

> Missouri authority holds that ordinary persons understand what is meant by the terms "intoxicated condition" and "under the influence." In *State v. Johnson,* 55 S.W.2d 967, 968 (Mo.1932), this Court held that "[a]ny juror would readily understand what was meant by a charge of operating a motor vehicle while defendant was in an intoxicated condition." This Court added that an

7. Brightman claims that the Missouri Supreme Court in *White v. Dir. of Revenue,* 321 S.W.3d 298, 305 (Mo. banc 2010) held that "the criminal trial judge was collaterally estopped from again determining an issue previously decided by a court of jurisdiction with the same parties, issues and standards before it." While it is true that the Court in *White* held that the law pertaining to these two independent determinations is interchangeable, nowhere did the Court hold that either court was *bound as a matter of law* by the other court's legal determination.

8. Unless otherwise indicated, rule citations are to the Missouri Supreme Court Rules (2012).

9. Instruction No. 5 provided the following:

> If you find and believe from the evidence beyond a reasonable doubt:
> First, that on or about December 17, 2009, on Nifong Boulevard near State Farm Parkway, in the County of Boone, State of Missouri, the defendant operated a motor vehicle; and
> Second, that he did so while in an intoxicated condition, then you will find the defendant guilty of driving while intoxicated.
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
> As used in this instruction, the term 'intoxicated condition' means under the influence of alcohol.

"attempt to define such words would tend to confuse rather than clarify the issues." *Id.*

In *State v. Raines*, 333 Mo. 538, 62 S.W.2d 727, 729 (1933), this Court held that:

A jury would readily understand that what is meant by an "intoxicated condition" in connection with a charge of this nature is drunkenness to such an extent that it interferes with the proper operation of an automobile by the defendant. Since *Raines*, other Missouri courts have also recognized that a driver is in an "intoxicated condition" for purposes of a DWI prosecution if his use of alcohol impairs his ability to operate an automobile. *See State v. Cox*, 478 S.W.2d 339, 342 (Mo.1972); *State v. Hoy*, 219 S.W.3d 796, 801 (Mo.App. S.D. 2007).... [N]o other jurisdiction has held that a DWI statute similar to Missouri's is unconstitutionally vague.

*State v. Schroeder*, 330 S.W.3d 468, 475 (Mo. banc 2011).

■ Because of the above binding opinion from our Supreme Court, we are bound to reject Brightman's argument of instructional error. That said, practical experience leads this Court to conclude that it may now be prudent to give further definition to the term "intoxicated condition" in MAI–CR 3d 331.02. Specifically, if the Missouri Supreme Court believes that a driver is in an "intoxicated condition" when "his use of alcohol impairs his ability to operate an automobile," would it not make sense for the instruction to expressly state this in unambiguous language? *Schroeder*, 330 S.W.3d at 475. The State's closing argument in this case,

discussed *infra*, exemplifies why further definition may be necessary. However, "[t]he Court of Appeals is constitutionally bound to follow the most recent controlling decision of the Supreme Court of Missouri." *State v. Clinch*, 335 S.W.3d 579, (Mo.App. W.D.2011). We therefore reject Brightman's argument of instructional error under Point Two.

For nearly identical reasons as in Point Two, we must deny Brightman's third Point, which argues that the "trial court erred in not giving Defendant's proffered Instruction "A" because it properly defined intoxicated condition and/or under the influence." We disagree.

■ "Submission or refusal to submit a tendered jury instruction is within [the] trial court's discretion." *State v. Davis*, 203 S.W.3d 796, 798 (Mo.App. W.D.2006).

Brightman's proffered Instruction No "A" was the following:

The following terms used in these instructions are defined as follows:

"Intoxicated condition" means under the influence of alcohol.

"Under the influence of alcohol" means so affected by alcohol as to have one's ability to operate a motor vehicle impaired to an appreciable degree.

As discussed above, the Missouri Supreme Court recently re-affirmed its holding "that ordinary persons understand what is meant by the terms 'intoxicated condition' and 'under the influence'" and "that an attempt to define such words would tend to confuse rather than clarify the issues." *Schroeder*, 330 S.W.3d at 475.[10] Because the trial court properly

---

**10.** Brightman attempts to misconstrue the holding of *Schroeder* arguing that proffered Instruction "A" attempted to properly define the law as "intoxicated condition is drunkness to such an extent that it interferes with the proper operation of an automobile by the defendant." But when reading that quote *in context*, the Missouri Supreme Court merely re-iterated its holding that " '[a] jury *would readily understand that what is meant by an*

used MAI–CR 3d 331.02 in instructing the jury as submitted in Instruction No 5, the trial court did not err in refusing to give Brightman's proffered Instruction "A."

Point Three is denied.

In Point Two, Point Three, and Point Four, Brightman argues that the prosecutor made an improper argument during his closing argument, which was objected to and consequently overruled. He argues too that the error was exacerbated when he was not permitted during his closing argument to properly address the same issue after a State's objection to his argument was sustained. On this claim of error, we find merit and reverse.

■■■■ An improper argument does not require reversal unless it is shown to constitute prejudicial error. *State v. Forrest*, 183 S.W.3d 218, 226 (Mo. banc 2006). The defendant has the burden to show he was prejudiced by the improper argument, and prejudice is present only if the complained of comment had a decisive effect on the jury's decision. *State v. Parker*, 856 S.W.2d 331, 333 (Mo. banc 1993). Trial courts abuse their discretion when they allow plainly unwarranted and injurious arguments. *State v. Simmons*, 944 S.W.2d 165, 178–79 (Mo. banc 1997). "In order for a prosecutor's statements to have such a decisive effect, there must be a reasonable probability that the verdict would have been different had the error not been committed." *State v. Storey*, 40 S.W.3d 898, 910 (Mo. banc 2001).

■■■ Here, Brightman argues that the following argument by the State was improper:

So let me tell you what we didn't set out to prove today and that was that the Defendant was drunk. In fact, the only people that have used the word "drunk," trying to paint a picture of Otis from Andy Griffith, is the Defendant and his attorney. We never proved—tried to go out and prove he was drunk driving. We came here to prove beyond a reasonable doubt that he was intoxicated. We also didn't come here to try and prove the Defendant is a bad person or a bad guy. We are trying to prove beyond a reasonable doubt that he was driving and he was intoxicated. So what does that mean with the instructions? You're going to get verdict director five. It lays out the elements. It also provides what some believe is a very vague definition of "intoxicated condition," which means under the influence of alcohol. There is a reason for that. The reason is that you can decide what that means. You—

MR. ADLER: Judge, I'm going to object. That's not the law.

THE COURT: The objection will be overruled.

MR. NELSON: You can decide, with what the instruction No. 4 asks you to do, with your reason and common sense, what driving under the—or "under the influence of alcohol" means.

Tr 342–43.

■■■ The trial court is vested with broad discretion to control closing arguments. *State v. Deck*, 303 S.W.3d 527, 540 (Mo. banc 2010). While the State has wide latitude in closing arguments, closing arguments must not go beyond the evidence presented, courts should "exclude statements that misrepresent the evidence or the law, introduce irrelevant prejudicial

'intoxicated condition' in connection with a charge of this nature is drunkenness to such an extent that it interferes with the proper operation of an automobile by the defendant,' " and thus there is no need to further define these terms. *Schroeder*, 330 S.W.3d at 475 (quoting *State v. Raines*, 333 Mo. 538, 62 S.W.2d 727, 729 (1933)).

matters, or otherwise tend to confuse the jury." *Id.* at 543. Instructing the jury as to the law is a prerogative of the court, which may not be usurped by counsel in argument. *Nicholls v. Kammerich*, 626 S.W.2d 653, 659 (Mo.App. W.D.1981).

Trial court's rulings on objections to closing argument are reviewed for abuse of discretion; however, when a proper objection is made, the trial courts should exclude "statements that misrepresent the evidence or the law" or statements that "tend to confuse the jury." *Deck*, 303 S.W.3d at 543. The trial court erroneously overruled defense counsel's objection to the State's misstatement of law.

The State suggests on appeal that its intention during closing argument was to make the point that the jury did not have to find that Brightman was "falling down drunk." That is not what the State argued. Moreover, that is not how a reasonable juror would interpret the State's argument. The State argued, "So let me tell you what we didn't set out to prove today and that was that the Defendant was drunk." Later the State argued, "We never proved—tried to go out and prove he was drunk driving." Still later the State, in discussing the verdict directing instruction, argued that the definition of "intoxicated condition" was vague but suggested, "There is a reason for that. The reason for that is that you can decide what that means."

When a term is not defined for the jury, it is true that the jury can decide what the term means. In this case, however, the State refused to acknowledge that being intoxicated and being drunk are generally synonymous, and attempted to say the two were different concepts. Technically, the defendants' objection could have come immediately upon the statement separating the two concepts, but the defense was presumably giving the State a chance to clarify the argument that it really wanted to point out only that the defendant was not "falling down drunk," which is extreme intoxication. However, it is clear that the objection went to the entire State's argument as to the definition of the word "intoxicated" being somehow markedly different from the word "drunk," something for which we find no authority in any dictionary or in common parlance or in the Missouri instructions. The objection was not limited to the State's argument that the jury could decide the meaning of the phrase "under the influence" of alcohol.

■ The confusion was augmented because the State, after saying the two terms were different, declined to clarify the errant argument. The State referred the jury to the phrase "under the influence" of alcohol, but left them with the belief that being intoxicated and being drunk were two different things, and only one of them related to the phrase "under the influence" of alcohol. Unfortunately, when the trial court overruled defense counsel's objection and sustained the State's objection to defense counsel's argument,[11] it appeared to condone and approve the confusion interjected by the State's argument that being intoxicated is different from being drunk. An objection to an improper argument which is overruled has the effect on the jury of the court's approval of the improper argument. *Gerow v. Mitch Crawford Holiday Motors*, 987 S.W.2d 359, 363 (Mo. App. W.D.1999).

In this case, a reasonable juror could have understood the State's closing argument to have diminished the State's burden of proof on a key element of the offense. When a prosecutor seriously misstates the law so as to lower the State's

---

11. As is discussed more fully *infra*.

burden of proof, it is error. *State v. Storey*, 901 S.W.2d 886, 902 (Mo. banc 1995). Central to the holding in *Schroeder* was the recognition that "a jury would readily understand that what is meant by an intoxicated condition in connection with a charge of this nature is drunkenness[.]" *Schroeder*, 330 S.W.3d at 475 (internal quotations omitted). The Supreme Court of Missouri in *Schroeder* was not approving a scenario where each juror could use its own definition of intoxication, but rather that the jury would understand that a person accused of driving in an intoxicated condition means that the person accused had consumed an amount of alcohol that impaired his ability to operate a motor vehicle. *Id.* at 475, *State v. Raines*, 333 Mo. 538, 62 S.W.2d 727, 729 (1933). In arguing that the relevant inquiry is not whether Brightman was drunk, the State ascribes an uncommon meaning to the phrase "intoxicated condition" in conflict with holdings of our appellate courts.

■ The prejudice in the trial court's overruling of Brightman's objection was exacerbated by the trial court's ruling on the State's objection to Brightman's closing argument. During Brightman's closing argument, he was prevented from arguing any meaning of "under the influence" and was limited to references contained within the language of the instructions:

> MR. ADLER: You have a video, and that video is what they have to use for proof beyond a reasonable doubt. It is their burden that he was intoxicated.

We talked about it on *voir dire* that intoxication means that your ability to drive was—

MR. NELSON: Objection, Your Honor. We've covered this. That is not a statement of the law.[12]

THE COURT: You may refer to the instructions, Mr. Adler.

■ "Defense counsel has the right to make any argument to the jury that is essential to the defense of the accused and is justified by evidence and the reasonable inferences that might be drawn therefrom." *State v. Barton*, 936 S.W.2d 781, 787 (Mo. banc 1996). "It is an abuse of discretion for the trial judge to preclude any such argument." *Id.*

The State's closing argument effectively invited the jurors to ignore or supplement the instruction with their own subjective understanding of the term "intoxicated condition" that did not include any level of drunkenness. This erroneous ruling was exacerbated when the trial court sustained the State's objection to Brightman's closing argument that merely attempted to properly argue the correct and controlling definition of "intoxicated condition" from our appellate courts' decisions that alcohol consumption impaired the accused person's ability to operate a vehicle. While it is true that counsel has broad latitude in closing argument, it is also true that "[m]isstatements of the law are impermissible during closing arguments and the trial court has a duty to restrain such arguments." *State v. Hashman*, 197 S.W.3d 119, 133 (Mo.App.2006). The trial court erroneously overruled defense coun-

---

**12.** When referencing "We've covered this." It is clear that the State is referring back to the numerous discussions between the parties and the trial court throughout the proceedings (the most recent being during the instruction conference when Brightman offered the instruction discussed in Point III above), where Brightman argued that the proper definition of intoxication is set forth in *Schroeder* and that the jury should be instructed and he should be allowed to argue that "intoxication" included the impairment or interference with one's ability to operate a motor vehicle.

sel's objection to the State's misstatement of law and thereafter the trial court sustained the State's objection to defense counsel's argument that could have cured the error with a correct statement of the law. In combination, the trial court's rulings certainly could have created confusion for the jury.

The vast majority of cases have resolved the issue of prejudice in favor of finding that the defendant was not harmed by an improper closing argument due to the existence of overwhelming evidence showing guilt. *See Barton*, 936 S.W.2d 781, 787. While it is not the appellate courts' prerogative to re-weigh the evidence of the defendant's guilt, some analysis of the evidence is necessary to determine whether the improper argument prejudiced the defendant. We objectively recognize this was a close case and not a case where the evidence of guilt was overwhelming.[13] While there was sufficient evidence of guilt to support a conviction, there was also a reasonable probability that the jury's verdict would have been different had the State's misstatement of the law not been condoned by the trial court's combined rulings.

An abuse of discretion occurs where counsel's comments are "plainly unwarranted and clearly injurious" to the adverse party. *Simmons*, 944 S.W.2d at 178–79. Such confusion in the State's closing argument was unwarranted and clearly injurious to Brightman's case; therefore, the trial court abused its discretion. *See Gerow*, 987 S.W.2d at 363.

For the foregoing reasons, Brightman's claim that he was prejudiced by an improper closing argument, located in Point Two, Point Three, and Point Four, is granted.

In Point Five, Brightman argues that the "trial court erred in assessing open item (jury costs) because such costs are not allowable under the law either as costs or a condition of probation." Here, it is a matter of public record (and not disputed by Brightman at oral argument) that Brightman has paid these very costs in full without protest.

"In order to preserve any issue for appeal in a criminal case where the sentence consists of a fine and costs, the defendant must make payment of the fine under circumstances that record the payment as not voluntarily made, if payment occurs before appeal." *State v. Hamm*, 807 S.W.2d 692, 692 (Mo.App. W.D.1991) (citing *State v. Welch*, 701 S.W.2d 770, 771 (Mo.App. E.D.1985) (noting that this Court has "ruled in civil cases that a defendant who makes payment on a judgment against him is barred from appealing from that judgment if payment is made by the defendant voluntarily.")).

Based on the forgoing, this Court is bound to conclude that Brightman has failed to preserve this issue for appeal in light of the fact that he has paid these costs in full without protest or objection.

Point Five is denied.

In Point Six, Brightman argues that the "trial court erred in admitting Defendant's statements at the scene to the arresting officer because he was in custody and being questioned and because they were not disclosed pursuant to law." We disagree.

Once again, Brightman has failed to preserve this issue for review by failing to (1) make this contemporaneous objection to

---

**13.** There was sufficient evidence from which a jury could have found Brightman guilty of the offense, including the breath test result of .119. However, the video of the stop and the video of his performance on the subsequent field sobriety tests and interaction with the officer does not establish overwhelming evidence of intoxication.

the evidence at trial, and (2) by failing to include the issue in his motion for new trial. Accordingly, we may review this issue for plain error only. *State v. Curry*, 357 S.W.3d 259, 262 (Mo.App. E.D.2012).

Here, Brightman complains on appeal that the trial court plainly erred in allowing Deputy Paul to testify regarding Brightman's statements to the police after being pulled over:

> A. I offered Mr. Brightman two options, either to have the vehicle towed or we could wait for someone that was sober to come pick up his vehicle.
>
> Q. And did you allow him the ability to contact someone to make arrangements for that?
>
> A. Yes. After I placed him in my patrol car, I went up to his vehicle to grab his phone, and he called one of his roommates.
>
> Q. And at some point did the individuals that he called or somebody come and pick up his vehicle?
>
> A. Yes.
>
> Q. Okay. Do you recall about how long that was?
>
> A. Maybe five minutes.
>
> Q. Okay. While you were waiting, did you have some conversations with Mr. Brightman, following the arrest?
>
> A. Yes.
>
> Q. What was the nature of those conversations?
>
> A. Mr. Brightman was making a comment about his roommate having a final in the morning.

> Q. Okay. Did you respond to that at all?
>
> A. I asked him if he had two roommates, and he said he did.
>
> Q. What else?
>
> A. He stated one of his roommates had been out with him earlier in the evening and wanted him to go home, and he stated, It was my fault, apparently, and that he made a bad decision.

Brightman argues that the trial court plainly erred in admitting the above evidence because "Defendant's statements at the scene were not disclosed pursuant to Defendant's Request for Discovery." [14]

This Court recently outlined the following principles pertaining to plain error review:

> The 'plain error' rule should be used sparingly and is limited to those cases where there is a strong, clear demonstration of manifest injustice or a miscarriage of justice. Plain error review is a two-step process. First, we determine whether or not the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. Error is plain if it is evident, obvious, and clear. If we do not find plain error on the face of the claim, we should decline to exercise our discretion to review the claimed error under Rule 30.20. If we do find plain error on the face of the claim, we have the discretion to proceed to the second step to consider whether a manifest injustice or a miscarriage of justice will result if the error is left uncorrected.

---

**14.** While Brightman did make a *Miranda* objection to the evidence (that is the subject of his seventh Point Relied On, that was rejected above in the analysis of Point One; see footnote number 6), Brightman concedes that he did not raise the issue as a discovery violation before the trial court. We fail to see how the trial court should or even could have been aware of what was and was not disclosed by the State to the Defendant during discovery, such that the trial court would have been aware that such an objection to the evidence might have been appropriate.

*State v. Fincher,* 359 S.W.3d 549, 553–54 (Mo.App. W.D.2012) (citations and quotations omitted).

 Here, we have difficulty concluding that manifest injustice resulted in that, somehow, "the trial court should have *sua sponte* provided a remedy" for this alleged discovery violation. *State v. Cook,* 339 S.W.3d 523, 528 (Mo.App. E.D.2011). "Trial judges are not expected to assist counsel in trying cases and should act *sua sponte* only in exceptional circumstances." *Id.* "A trial court will not be faulted for failing to take corrective action, when that action is not requested." *State v. Francis,* 60 S.W.3d 662, 671 (Mo.App. W.D.2001). "We cannot convict the trial court of error under the circumstances where no relief was requested at the trial." *Cook,* 339 S.W.3d at 528.

 Finally, there can be no doubt that the burden of proof in demonstrating plain error on appeal falls solely upon Brightman. *See State v. Curry,* 357 S.W.3d 259, 263 (Mo.App. E.D.2012). Yet, notwithstanding this fact, Brightman does not even attempt to argue that a different result would have ensued at trial had this evidence been excluded (assuming *arguendo* that the evidence should have been excluded based on the alleged discovery violation). Therefore, we conclude that the trial court did not plainly err in this regard.

For all of the aforementioned reasons, Point Six is denied.

### Conclusion

The judgment of the circuit court is hereby reversed and the cause is remanded for a new trial.

All concur.