

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD75878** |
| | ) | |
| v. | ) | **OPINION FILED: January 14, 2014** |
| | ) | |
| **HECTOR C. CASTRO,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Jon E. Beetem, Judge

Before Division Three:  Karen King Mitchell, Presiding Judge, Lisa White Hardwick,
Judge and Gary D. Witt, Judge

This is an appeal from a felony conviction in a court-tried case.  In March of 2006, Hector C. Castro ("Castro") was charged with felony possession of a controlled substance (cocaine) in violation of section 195.202 (RSMo Supp. 2006).  Because this appeal is moot, we must dismiss.

Castro initially pled guilty, received a suspended imposition of sentence and was ordered to serve five years of supervised probation.  In June of 2011, Castro filed a motion to set aside his plea of guilty.  In July of 2011, Castro successfully completed the five-year probation period.  Shortly thereafter, Castro was allowed to withdraw his guilty

plea and requested a jury trial. Castro subsequently waived his right to a jury trial and a bench trial occurred. The Circuit Court of Cole County found Castro guilty of possession of a controlled substance and sentenced him to pay a fine of $100. Castro voluntarily paid the fine in full the day after he was sentenced and then filed his notice of appeal one week later.

Castro alleges one point of error based on the trial court's denial of his motion to suppress evidence found during a search of his person and on the overruling of his objections to that same evidence at trial. The State argues that we cannot reach the issue presented because the appeal is moot. The legal file indicates that, following his conviction, Castro paid the fine without first protecting his right to appeal.

Before we proceed to the merits of Castro's arguments, we must first determine *sua sponte* if we have authority to review the issue presented. *Westcott v. State,* 361 S.W.3d 468, 471-472 (Mo. App. W.D. 2012) (citations omitted). Pursuant to *State v. Welch*, an appeal must be dismissed in a criminal case in which the sentence consists solely of the payment of a fine and court costs, where the defendant voluntarily pays the fine before taking some steps to protect his right to appeal. 701 S.W.2d 770, 771 (Mo. App. E.D. 1985). "Under these circumstances, the state is no longer an interested party and the issues are moot." *Id.* In order to preserve any issue for appeal in a criminal case where the sentence consists of a fine and costs, the defendant must make payment of the fine under circumstances that record the payment as not voluntarily made, if payment occurs before appeal. *State v. Hamm*, 807 S.W.2d 692, 692 (Mo. App. W.D. 1991)

2

(citing *Welch*, 701 S.W.2d at 771)); *see also State v. Brightman*, 388 S.W.3d 192, 203 (Mo. App. W.D. 2012).

In response, Castro merely argues, without any citation to authority, that it would be a manifest injustice to apply these prior cases to a felony offense. When an argument is made without citation to any authority and no explanation is provided for the absence of authority, the point is deemed waived or abandoned. *State v. Wadlow,* 370 S.W.3d 315, 321 n.6 (Mo. App. S.D. 2012).

Castro also argues that the prior cases are inapplicable because the record in this matter reflects only that he paid his fine prior to appeal, but does not indicate that the court costs were paid. Castro's argument overlooks the unique procedural posture of this case, where he had previously pled guilty, received probation and paid the court costs over five years prior to that guilty plea being set aside and this trial taking place. He would not be required to pay the court costs a second time, when they were paid after his prior plea of guilty.

In this matter, Castro paid the fine prior to filing his notice of appeal. He did not request a stay on its payment from the trial court, pending appeal. He did not file an appeal bond in lieu of the payment of the fine. He did not make any record that he was paying the fine under protest or that his payment was anything less than voluntary.

Having failed to take the steps necessary to protect his right to appeal, the appeal is dismissed as moot.

_____
Gary D. Witt, Judge

All concur