Terry **STEPHENS** and John Hilgert, Successor Trustees of the George J. Slahorek Revocable Trust Agreement Dated June 12, 2007, Respondents,

v.

Charles N. **MIKKELSEN**, a/k/a Carl N. Mikkelsen, et al., Appellants.

**WD 79546 Consolidated with WD 79788**

Missouri Court of Appeals,
Western District.

OPINION FILED: APRIL 4, 2017

438

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Barbara L. Pickens, Overland Park, KS, Counsel for Respondents

Stephen J. Briggs, Saint Joseph, MO, Counsel for Appellants

Before Division One: James E. Welsh, Presiding Judge, Anthony Rex Gabbert, Judge, Edward R. Ardini, Jr., Judge

Anthony Rex Gabbert, Judge

Charles N. Mikkelsen appeals the circuit court's Judgment finding Mikkelsen not an heir of Charles C. Kastner on Trustees'[1] Amended Petition for Declaratory Judgment and denying Mikkelsen's Motion for Judgment on the Pleadings. In his sole point on appeal, Mikkelsen contends that the court erred by granting summary judgment against Mikkelsen and in favor of Trustees because no party other than Mikkelsen had ever filed a motion for summary judgment and Missouri law does not permit a trial court to enter summary judgment against a party unless there is a pending motion seeking summary judgment against that party. We affirm.

George J. Slahorek created a Revocable Trust Agreement (Trust or Slahorek Trust) on June 12, 2007, in Buchanan County, Missouri. ARTICLE XII of the Trust provides that "this agreement and the trust created hereby shall be construed under and be regulated by the laws of the State of Missouri, and the validity and effect of this agreement shall be determined in accordance with the laws of Missouri." The Trust provides that, upon Slahorek's death, his trust estate is to be divided into nine shares, including, as pertinent here, one share to "Charles C. Kastner, per stirpes." The Trust further provides that, should a named beneficiary "predecease the GRANTOR and leave no heirs, that share shall lapse and be divided equally among the remaining beneficiary shares."

Slahorek died on July 14, 2012, a resident of Buchanan County, Missouri. At the time of Slahorek's death, Charles C. Kastner had died, leaving Charles R. Kastner as his sole heir. Charles R. Kastner also predeceased Slahorek in February of 2012. Charles R. Kastner had one child, Mikkelsen, who was adopted in 1984 by Scott Mikkelsen, a husband of Mikkelsen's mother; Mikkelsen's mother joined in the adoption. Charles R. Kastner's estate was probated in Illinois. Under Illinois law, a child adopted by another has no right to inherit from his or her biological parent unless the child falls within one of three statutory exceptions to that general rule. 755 ILCS 5/2–4(d) (1)–(3). Mikkelson moved the Cook County, Illinois probate court to find him sole heir of his biological father, Charles R. Kastner, arguing an exception to the general rule. On April 8, 2014, the Illinois court found an applicable exception and named Mikkelsen heir.[2]

On December 4, 2014, Trustees filed an Amended Petition for Declaratory Judgment to obtain the court's determination as to whether Mikkelsen is entitled to a share of the Slahorek Trust due to the "Amend-

1. Terry Stephens and John Hilgert, Successor Trustees of the June 12, 2007, George J. Slahorek Revocable Trust Agreement.

2. Trust beneficiaries contended that Mikkelsen's sole reason for pursuing a declaration of heirship in Illinois was for the purpose of taking under the Slahorek Trust because Mikkelsen's biological father had excluded Mikkelsen from his will by expressly stating in the will that he "made no provision in this, my Last will and Testament for my son, Charles Nicholas Mikkelsen, for reasons that are good and sufficient to me."

ed Order Declaring Heirship" in Charles R. Kastner's Illinois probate estate, or whether Mikkelsen's adoption prevented him from deriving a benefit from Charles R. Kastner's share of Slahorek's Missouri Trust under governing Missouri law.

On May 22, 2015, Mikkelsen filed "Respondent's Motion for Judgment on the Pleadings with Suggestions in Support." Therein he effectually conceded that he is not Charles R. Kastner's heir under Missouri law but argued that the Illinois declaration that Mikkelsen is Charles R. Kastner's heir is a valid judgment entitled to full faith and credit in Missouri courts. He contended that the choice of law provision in the Trust is inapplicable because it is only to be used in the event of an ambiguity in the Trust and the parties agree that the Trust's relevant provisions are unambiguous and clear. He further contended that the choice of law provision in the Trust designating Missouri law as applicable to the Trust is "beside the point" because Missouri has no specific connection to the specific issue of whether Mikkelsen's adoption cut off his heirship. He argued that, although Slahorek was a Missouri resident and the Trust was established in Missouri, both Mikkelsen and his biological father were Illinois residents and Mikkelsen was adopted in Illinois. Mikkelsen argued that, a party may not designate a state's law as controlling on an issue to which the state has no connection.

On June 18, 2015, beneficiaries of the Trust who had been joined as Respondents in the action filed "Opposition of Respondents Hilgert, Watkins, O'Brien, Wegenka and Sudo [3] to Respondent Charles N. Mikkelsen's Motion for Judgment on the Pleadings." The beneficiaries argued that Mikkelsen's status as having been adopted in Illinois is entitled to full faith and credit by Missouri courts, but Illinois' declaration

of heirship for the limited purpose of probating an Illinois estate does not similarly carry over in Missouri. The beneficiaries argued that the Illinois court did not determine Mikkelsen to be an "heir" of Charles C. Kastner within the meaning of George J. Slahorek's Trust and, therefore, its judgment is not entitled to full faith and credit by Missouri courts to resolve that question. The beneficiaries noted that, the issue of a purported beneficiary's right to inherit Missouri personal property under a Missouri trust is governed by the settlor's intent as expressed in the words used in the trust instrument and given meaning under the laws of Missouri. The beneficiaries argued that, Missouri case law interpreting Missouri's adoption statutes had long determined that an adopted child becomes a lineal descendant and heir of his or her adopted family by operation of law, and ceases to be an heir and lineal descendant of his or her biological family.

On June 22, 2015, Trustees filed a brief in response to Mikkelsen's motion for judgment on the pleadings and filed an amended brief on July 8, 2015.

On August 6, 2015, the court made a docket entry stating that a "trial setting" was held and that trial was scheduled for September 16, 2015. On September 16, 2015, the court made a docket entry stating: "Case reset for hearing on October 6, 2015." On October 6, 2015, a hearing was held. On November 18, 2015, the court issued a written Judgment finding Mikkelsen not an heir of Charles C. Kastner and not entitled to one-ninth share under the Slahorek Trust. In that same Judgment, the court denied Mikkelsen's motion for judgment on the pleadings. Mikkelsen appeals.

█ In his sole point on appeal, Mikkelsen contends that the circuit court erred

---

3. Hereinafter collectively referenced as "beneficiaries."

by granting summary judgment against Mikkelsen and in favor of Trustees because no party other than Mikkelsen had ever filed a motion for summary judgment and Missouri law does not permit a trial court to enter summary judgment against a party unless there is a pending motion seeking summary judgment against that party. He argues that the October 6, 2015, hearing was on Mikkelsen's pending motion for judgment on the pleadings, nothing more. He argues, essentially, that the court misapplied the law. "Where a misapplication of the law is asserted, our review is *de novo*." *Jackson v. Mills*, 142 S.W.3d 237, 240 (Mo. App. 2004).

As a preliminary matter, we disagree with Mikkelsen's characterization of the October 6, 2015, proceedings. Nothing within the record indicates that the hearing was solely for the purpose of taking up Mikkelsen's motion for judgment on the pleadings. Rule 55.27(c) states that "on application of any party" a motion for judgment on the pleadings shall be heard and determined before trial unless the court orders that the hearing and determination thereof be deferred until trial. There is no record of Mikkelsen requesting a pre-trial ruling. The court's docket entries regarding the October 6, 2015, hearing reference a "trial setting" and that the "case" was set for hearing. The record reflects that all pending matters were addressed at the October 6, 2015, hearing. The transcript for the October 6, 2015, hearing begins: "This matter came on regularly for hearing . . . ." The court's Judgment begins:

On the 6th day of October, 2015, this matter came before the Court for final disposition. . . . The Court took up Petitioners' Amended Petition for Declaratory Judgment, filed December 4, 2014 (the 'Petition'), and Respondent Mikkelsen's Motion for Judgment on the Pleadings, filed May 22, 2015 (the 'Mo-

tion') . . . . At that hearing, the parties consented to the Court's final determination of this matter based on the Petition, Motion, Responses and oral argument.

Hence, we are unpersuaded that the October 6, 2015, hearing was solely for the purpose of addressing Mikkelsen's Motion for Judgment on the Pleadings and find that the court took up both Mikkelsen's motion as well as the merits of Trustees' petition.

██ Mikkelsen contends in his reply brief that, if the court did rule on the merits of the Trustees' Amended Petition, then it did so erroneously because the circuit court never set the case for trial, never gave the parties notice that the October 6, 2015, hearing would be considered a trial on the merits, and no party presented any evidence at that hearing. He argues that he had not even filed his answer to the Trustees' Amended Petition at that stage of the litigation and his Rule 55.27 Motion for Judgment on the Pleadings altered the time fixed for filing responsive pleadings pursuant to Rule 55.25(c).

We note that these due process claims are distinct from Mikkelsen's sole point on appeal alleging that the court erred in granting Trustees summary judgment. To secure review of these alleged violations, Mikkelsen was required to address these claims in separate points relied on and argue facts within the record supporting these claims. *State v. Brightman*, 388 S.W.3d 192, 196 n.4 (Mo. App. 2012); Rule 84.04. Mikkelsen has done neither and has waived appellate review of these allegations. *Id.* We note, *ex gratia*, that the court's docket entries reflect that the parties were given notice that the court was taking up the case in its entirety on October 6, 2015. Further, Mikkelsen's Rule 55.27 Motion for Judgment on the Plead-

ings was made nearly six months after Trustees' Amended Petition for Declaratory Judgment was filed. Aside from the fact that no answer was filed within thirty days of Trustees' Amended Petition having been filed (Rule 55.25(a)), Rule 55.27(b) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Because a party may only move for judgment on the pleadings after the pleadings are closed, Mikkelsen's motion signaled that Mikkelsen understood the pleadings to be closed and had no intention of filing an answer to Trustees' petition. Mikkelsen's claim to the contrary now is disingenuous.

We further note, *ex gratia*, that although Mikkelsen suggests that, because no party presented "evidence" there was no hearing on the merits, the record indicates that all parties agreed at the October 6, 2015, hearing that the facts were not in dispute. The legal issues presented in the Trustees' petition for declaratory judgment were the same legal issues presented in Mikkelsen's motion for judgment on the pleadings. The parties agreed that the court had everything necessary before it to decide the disputed legal issues. Attorneys for both sides argued the merits and demerits of Trustees' legal position and the merits and demerits of Mikkelsen's legal position. Mikkelsen raised no objections at the hearing. At the hearing, Trustees' counsel commenced argument with:

> First, we obviously brought this declaratory judgment action because this issue presents a dilemma for the trustees as to who is entitled to this one-ninth share. So we think a declaratory judgment action is proper. The parties have worked very collegially to get us to where we are as far as the pleadings, the attachment of appropriate exhibits for the Court to be able to have all information in front of it for your ultimate decision.

> I concur with [Mikkelsen's counsel], there are no factual disputes in this case. You have the trust in front of you. You have the Chicago probate or Cook County probate order, et cetera. So everything is in front of you to the best of our knowledge for you to be able to make your decision.

Counsel for Trustees concluded with:

> Finally, Your Honor, we are simply attempting here today to, and because of the declaratory judgment action on behalf of the trustees, to get a determination by the Court to give guidance not from an advisory opinion, but from a ruling that would allow the trustees and the other beneficiaries and those represented by Mr. Ehlert, as well as Mr. Mikkelsen to be able to move on with respect to how the trustees proceed with this distribution ultimately of this one-ninth share. . . .

> And all we're doing is, attempting to do is look forward to a determination from this Court so that we can proceed with the administration of the trust accordingly.

Hence, nothing within the docket entries leading up to the hearing or within the hearing itself suggests that Mikkelsen was not on notice that the proceedings of October 6, 2015, were to address all matters pending before the court and the court ultimately addressed all pending matters.

█ Dispositive of Mikkelsen's point on appeal, that the court erred in granting summary judgment to Trustees and against Mikkelsen, is that the court did not grant Trustees summary judgment. The court's Judgment states that, at the hearing, the court took up both "Petitioners' Amended Petition for Declaratory Judgment" and "Respondent Mikkelsen's Motion for Judgment on the Pleadings." In

ruling on the merits of Trustees' Amended Petition, the court found that, "Respondent Mikkelsen is not an heir of Charles C. Kastner and is not entitled to Charles C. Kastner's one-ninth share under the Trust[.]" In ruling on Mikkelsen's Motion for Judgment on the Pleadings, the court found that, "Respondent Mikkelsen's Motion for Judgment on the Pleadings is denied[.]" The only reference the court's Judgment makes to summary judgment is a comment that, while Rule 55.27(b) required the court to treat Mikkelsen's motion as one for summary judgment due to matters outside the pleadings having been presented and not excluded by the court, "all parties waived compliance with both the notice and procedural requirements of Rule 74.04."[4]

Mikkelsen's contention that the court converted his motion for judgment on the pleadings to a motion for summary judgment by Trustees has no support in the record. Consequently, his claim that the court misapplied the law by granting summary judgment against him and in favor of Trustees has no merit. Mikkelsen's point on appeal is denied. The circuit court's judgment is affirmed.

All concur.

---

4. At the December 6, 2015, hearing, prior to taking up substantive arguments, the court heard from counsel on a procedural issue, namely, that an opposition brief filed on behalf of the beneficiaries put documents before the trial court that were not part of the pleadings, triggering the requirement under Rule 55.27(b) that the trial court treat Mikkelsen's Motion for Judgment on the Pleadings as one for summary judgment and follow Rule 74.04 procedures. The record reflects that, all parties agreed to waive the Rule 74.04 procedural requirements and requirement that the court hear a separate motion for summary judgment, and agreed that the court would hear Mikkelsen's motion as a motion for judgment on the pleadings.