**STATE of Missouri, Respondent,**

v.

**James Robert COX, Appellant.**

No. 56592.

Supreme Court of Missouri, Division No. 2.

April 10, 1972.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Walter L. Mulvania, Rock Port, for appellant.

HOUSER, Commissioner.

James Robert Cox, convicted by a jury of operating a motor vehicle while intoxicated, § 564.440, RSMo 1969, V.A.M.S.,[1] and sentenced to two years' imprisonment, has appealed, claiming that the trial court should have directed an acquittal because as a matter of law the evidence was not sufficient to support a conviction of operating a motor vehicle while in an intoxicated condition. Alternatively appellant seeks a new trial for error in main verdict-directing Instruction No. 5.

Conceding that it is not the function of the appellate court to weigh the evidence, appellant claims that there was not sufficient evidence to go to the jury, and that the testimony of the State's principal witnesses was contradictory. In his argument appellant analyzes and weighs the evidence introduced by the prosecution, points out discrepancies therein, assesses and argues against the credibility of certain of the State's witnesses and emphasizes the testimony of appellant's witnesses who declared that appellant was not intoxicated, concluding that upon the whole evidence the State did not sustain the burden of proving appellant's guilt beyond a reasonable doubt.

There is no contention that appellant was not driving a motor vehicle on the occasion in question. All of the evidence points to that fact. With reference to appellant's condition while driving, there is evidence to substantiate the following facts: At about 6 p. m. on October 26, 1969 appellant was driving an automobile upon a public highway, partly on the wrong side of the road, "going over the line" and then "going back to the other side." As he approached the town of Rock Port he was passed by another motorist, who upon reaching the town complained to the local marshal that in order to pass ap-

---

1. "No person shall operate a motor vehicle while in an intoxicated condition."

pellant he had to travel 70 m. p. h.; that he was "run off the road"—"forced off the road"—by appellant; that to pass it was necessary for him to drive with two wheels on the shoulder of the highway. The marshal located appellant; stopped him about 7:15 p. m.; asked him to get out of the car and walk back of the car with the officer. Appellant stumbled as he got out of the car. His speech was slurred, his eyes bloodshot, he "smelled of alcohol" —"smelled highly intoxicating [sic]," and his clothes and hair were mussed up and in disarray. Appellant was taken to the county jail. While not "falling down drunk," appellant "would go up against the side of the car occasionally" as he walked alongside the marshal's automobile. Appellant submitted to a breathalyzer test at 8:17 p. m. From the time of his arrest to the time he took the test appellant had nothing to eat or drink. In giving the test, administered by a qualified highway patrol officer, there was no deviation from standard procedure. The result was $^{17}\!/_{100}$ of 1% of blood alcohol which, converted to per cent by weight of alcohol, read ·.159 per cent blood alcohol.[2] Standard procedure is to drop the last figure, so the actual conversion reading was .15. This conversion figure was arrived at by using the highest specific gravity of blood (1.066). The normal range of specific gravity of blood is from 1.048 to 1.066. Had the lowest figure been used the result would have been in the sixteen-hundredths.

■ The foregoing was sufficient substantial evidence to submit the case to the jury and there was no error in overruling appellant's motions for judgment of acquittal. The fact of intoxication may be shown by evidence of the accused's conduct and behavior. State v. Chester, Mo.App., 445 S.W.2d 393, and six cases cited therein on page 397[5]. From appellant's conduct, behavior, demeanor and appearance the

jury could have inferred that he was in an intoxicated condition. The results of the breathalyzer test were sufficient to confirm the fact and make a prima facie and submissible case under the statute. The cases cited by appellant are either inapplicable on their facts or, as in the cases of State v. Kissinger, 343 Mo. 781, 123 S.W. 2d 81, and State v. Chester, supra, they confirm our conclusion.

■ The suggestion that appellant should have been acquitted because of discrepancies and conflicts in the testimony of the State's witnesses stands for disapproval. "Merely because testimony is conflicting its probative force is not destroyed. The jury may believe the testimony of the one witness or of the other. It is the province of the jury to resolve such conflicts. * * * The jury resolved the conflict of testimony *against the accused*. In so doing, we find its verdict was supported by sufficient evidence." (Our italics.) State v. Hicklin, 358 Mo. 1016, 218 S.W.2d 564, 565. It was the duty of the jury to take into consideration all of the evidence and "[w]here the evidence of the state conflicted on minor points, they could select from that conflict such parts as seemed to them most reasonable." State v. Farrell, 320 Mo. 319, 6 S.W.2d 857, 859[1].

■ By Instruction No. 5 the jury was authorized to find defendant guilty of operating a motor vehicle while intoxicated if the jury found and believed from the evidence that he operated a motor vehicle on a public highway "while under the influence of alcohol to such an extent that it interfered with his ability to properly operate such motor vehicle." Exception is taken to the quoted language on the ground that it is not in conformity with that of the statute ("while in an intoxicated condition"). This contention may not be sus-

2. Section 564.442, RSMo 1969, V.A.M.S. provides that "(3) If there was fifteen-hundredths of one percent or more by weight of alcohol in the person's blood, this shall be prima facie evidence that the person was intoxicated at the time the specimen was taken."

**342**

tained. In McIntyre v. David, Mo.Sup., 431 S.W.2d 216, 220, after citing and quoting from several opinions defining the words "intoxicated condition" as used in § 564.440, this Court held that the words "under the influence of intoxicating liquor" are synonymous with the words "while in an intoxicated condition." We now hold that "under the influence of alcohol" is synonymous with "under the influence of intoxicating liquor" and likewise is synonymous with "while in an intoxicated condition." We further hold that the qualification used in Instruction No. 5 ("to such an extent that it interfered with his ability to properly operate such motor vehicle") went further than the law requires —was more favorable to appellant than necessary—in view of the cases requiring only "the impaired condition of thought and action and the loss of the normal control of one's faculties," State v. Reifsteck, 317 Mo. 268, 295 S.W. 741, 742[6]; State v. Revard, 341 Mo. 170, 106 S.W.2d 906, 910[14], or a condition "that *in any manner* impairs the ability of a person to operate an automobile." (Our italics.) State v. Raines, 333 Mo. 538, 62 S.W.2d 727, 729[9], and State v. Campbell, Mo.Sup., 292 S.W.2d 297, 299[4].

No error appearing the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

MORGAN, P. J., HENLEY, J., and FINCH, Alternate Judge, concur.

DONNELLY, J., not sitting.