No. 112,828[1]

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN D. STANLEY,
*Appellant*.

SYLLABUS BY THE COURT

1.

The penalty for driving under the influence of alcohol under Kansas law increases based on the number of the defendant's prior convictions. A prior conviction can be a conviction for a violation of another state's law that prohibits the acts that the Kansas driving under the influence law prohibits.

2.

Essentially, the Kansas DUI law criminalizes two acts: (1) operating or attempting to operate a vehicle with a blood- or breath-alcohol level of .08 or more; and (2) operating or attempting to operate a vehicle while under the influence of alcohol and/or drugs to a degree that renders the person incapable of safely driving the vehicle.

3.

If an out-of-state conviction is based on a statute that is broader than the Kansas statute, then the out-of-state conviction cannot be used for sentencing purposes under

---

[1] **REPORTER'S NOTE:** Previously filed as an unpublished opinion, the Supreme Court granted a motion to publish under Rule 7.04 (2017 Kan. S. Ct. R. 45). The published version was filed with the Clerk of the Appellate Courts on March 1, 2017.

K.S.A. 2012 Supp. 8-1567(a)(1) and (3), because the same acts are not prohibited by both laws.

4.

The pertinent Missouri driving while intoxicated statute provides that a person commits the crime of driving while intoxicated if the driver operates a motor vehicle while in an intoxicated or drugged condition. A person is in an intoxicated condition when the driver is under the influence of alcohol, a controlled substance, or drug, or any combination thereof.

5.

The Kansas statute specifically requires that to be in violation, the influence of alcohol must be to a degree that renders the driver incapable of safely driving a vehicle (or that the person has a blood- or breath-alcohol concentration of .08 or more). That requirement is more stringent than the Missouri requirement of intoxication that *in any manner* impairs the ability of a person to operate an automobile. A driving impairment may not necessarily render a person incapable of safely driving a vehicle. It is clearly conceivable, then, that an act that would be considered driving while intoxicated in Missouri would not be driving under the influence in Kansas.

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed April 1, 2016. Sentence vacated and remanded with directions.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and POWELL, JJ.

2

HILL, J.:  After comparing the Missouri and Kansas statutes prohibiting driving while intoxicated or driving under the influence, we have concluded that it is possible that the defendant here, Justin D. Stanley, could have been convicted in Missouri for conduct that would not lead to a conviction for driving under the influence in Kansas. Therefore, Stanley's prior Missouri conviction does not qualify as a prior conviction under K.S.A. 2012 Supp. 8-1567(i), and we vacate his sentence and remand for resentencing.

This is strictly a sentencing question. The State charged Stanley with felony driving under the influence in May 2013, in violation of K.S.A. 2012 Supp. 8-1567(a), (b)(1)(D). Stanley had a prior municipal DUI conviction in Gardner, Kansas, and a prior driving while intoxicated conviction in Caldwell County, Missouri. Prior to trial, Stanley moved to exclude his Missouri DWI conviction from his criminal history, contending that the applicable Missouri DWI statute was not substantially similar to the Kansas DUI statute. The court denied the motion. Following a bench trial on stipulated facts, the district court found Stanley guilty and sentenced him to 168 hours in custody and 1,992 hours of house arrest.

Stanley contends that the district court erred in considering his prior Missouri DWI conviction for sentencing purposes because the Missouri statute does not contain an essential element of the Kansas offense—that the accused was rendered incapable of safely driving a vehicle. The State contends that the district court did not err because caselaw interpreting the Missouri statute forbids the same conduct that the Kansas statute forbids.

The resolution of this issue requires interpretation of the Kansas DUI and Missouri DWI statutes. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

3

The penalty for DUI under Kansas law increases based on the number of the defendant's prior convictions. See K.S.A. 2012 Supp. 8-1567(b). A prior conviction can be a conviction for a violation of another state's law that "prohibits the acts that [the Kansas DUI law] prohibits." K.S.A. 2012 Supp. 8-1567(i)(1), (3). Thus, our question becomes are the same acts that are prohibited by the Missouri law prohibited by the Kansas law? We conclude that the two laws differ.

The Kansas DUI statute prohibits the following:

"(a) Driving under the influence is operating or attempting to operate any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence . . . is .08 or more;

(2) the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is .08 or more;

(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

(4) under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." K.S.A. 2012 Supp. 8-1567(a).

Essentially, the law criminalizes two acts: (1) operating or attempting to operate a vehicle with a blood- or breath-alcohol level of .08 or more; and (2) operating or attempting to operate a vehicle while under the influence of alcohol and/or drugs *to a degree that renders the person incapable of safely driving the vehicle*. K.S.A. 2012 Supp. 8-1567(a). That degree of intoxication makes the difference.

4

The question we must ask, then, is the Missouri statute equivalent? If the Missouri statute is broader than the Kansas statute, then the Missouri conviction cannot be used for sentencing purposes under K.S.A. 2012 Supp. 8-1567(i)(1) and (3), because the same acts are not prohibited by both laws. Some are, and some are not.

Stanley was convicted of violating the Missouri DWI statute on August 8, 2013. That law provided: "A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." Mo. Rev. Stat. 577.010(1) (2000 & 2013 Supp.). "[A] person is in an 'intoxicated condition' when he is *under the influence of alcohol*, a controlled substance, or drug, or any combination thereof." (Emphasis added.) Mo. Rev. Stat. 577.001(3) (2000 & 2013 Supp.).

The Missouri statute on its face is too broad to count as a prior conviction under K.S.A. 2012 Supp. 8-1567(i). Clearly, driving "under the influence" of alcohol covers a wider range of activity than driving under the influence of alcohol "to a degree that renders the person incapable of safely driving a vehicle" or "driving with an alcohol concentration of .08 or more."

Some prior cases offer us guidance. In *State v. Butler*, No. 107,767, 2013 WL 1457958, at *1 (Kan. App. 2013) (unpublished opinion), a panel of this court held that a defendant's prior Texas DUI convictions could not be counted as prior offenses for Kansas sentencing purposes because the two Texas statutory provisions at issue prohibited conduct more broadly than the Kansas statute. At one time the Texas statute prohibited driving while "under the influence of" alcohol, and at another time the statute prohibited driving while "not having the normal use of mental or physical faculties" due to alcohol; the Kansas statute more narrowly prohibited driving under the influence of alcohol when the driver is "incapable of safely driving a vehicle." 2013 WL 1457958, at *1.

5

Twice our court has held that violations of Kansas municipal ordinances that prohibited driving while "under the influence" of alcohol were too broad to count as prior convictions under K.S.A. 8-1567. *State v. Wood*, No. 105,128, 2012 WL 718928, at *2 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1136 (2013); *State v. McClain*, No. 104,263, 2011 WL 3795476, at *3-4 (Kan. App. 2011) (unpublished opinion), *rev. denied* 293 Kan. 1111 (2012).

But we must go deeper into this subject. We look to Missouri court opinions that have interpreted the Missouri statute. After all, they are the final authority on the meaning of the Missouri statutes.

Turning to Missouri caselaw, we see that the Missouri courts look to see if the defendant is intoxicated, not the degree of intoxication. Under Mo. Rev. Stat. 577.010, any intoxication that "'*in any manner impairs* the ability of a person to operate an automobile'" is sufficient to convict a person of DWI. (Emphasis added.) See *State v. Schroeder*, 330 S.W.3d 468, 475 (Mo. 2011); *State v. Cox*, 478 S.W.2d 339, 342 (Mo. 1972); *State v. Pickering*, 473 S.W.3d 698, 703-05 (Mo. App. 2015).

In fact, the Missouri Supreme Court refused to clarify further, holding that attempts to further define what is meant by an "intoxicated condition" would "'tend to confuse rather than clarify the issues.'" *Schroeder*, 330 S.W.3d at 475. "'A jury would readily understand that what is meant by an "intoxicated condition" . . . to such an extent that it interferes with the proper operation of an automobile by the defendant.'" 330 S.W.3d at 475 (quoting *State v. Raines*, 333 Mo. 538, 543, 62 S.W.2d 727 [1933]).

Previously, the Missouri Supreme Court specifically rejected the use of a jury instruction that would have made the Missouri statute more in line with the Kansas statute. The instruction authorized the jury to find a defendant guilty if the defendant operated a vehicle "'while under the influence of alcohol to such an extent that it

interfered with his ability to properly operate such motor vehicle.'" *Cox*, 478 S.W.2d at 341. The court held that such instruction

> "went further than the law requires—was more favorable to appellant than necessary—in view of the cases requiring only 'the impaired condition of thought and action and the *loss of the normal control of one's faculties*, '[citations omitted], or a condition 'that in any manner impairs the ability of a person to operate an automobile.' [Citations omitted.]" (Emphasis added.) 478 S.W.2d at 342.

The rejected instruction is almost identical to the wording of the Kansas statute.

In accord with this, the Missouri Court of Appeals has clarified that it "'is the fact, *not the degree*, of intoxication that is the significant issue to consider'" under Missouri law. (Emphasis added.) *State v. Seitz*, 384 S.W.3d 384, 387 (Mo. App. 2012).

The Kansas statute does specify a degree of intoxication. The statute specifically requires that the influence of alcohol be "to a degree that renders the person incapable of safely driving a vehicle" or that the person has a blood- or breath-alcohol concentration of .08 or more. K.S.A. 2012 Supp. 8-1567(a). That requirement is more stringent than the Missouri requirement of intoxication that in "'any manner impairs the ability of a person to operate an automobile.'" *Cox*, 478 S.W.2d at 342. A driving impairment may not necessarily render a person incapable of safely driving a vehicle. That distinction may be subtle, but it is nevertheless a distinction between the Kansas and Missouri laws.

The State cites several Missouri cases that prohibit acts that are similar to those acts that are prohibited by the Kansas DUI statute. For example, the Missouri courts have described "'intoxication'" as a ""'physical condition" usually evidenced by unsteadiness on the feet, slurring of speech, lack of body coordination and an impairment of motor reflexes.'" *State v. Teaster*, 962 S.W.2d 429, 431 (Mo. App. 1998). While the State is correct that the Missouri statute criminalizes some of the same conduct that the Kansas

7

statute criminalizes, it is clearly conceivable that an act that would be considered DWI in Missouri would not be DUI in Kansas. Therefore, Stanley's Missouri DWI conviction should not have been considered as part of his criminal history under K.S.A. 2012 Supp. 8-1567(i).

We vacate Stanley's sentence and remand with directions for a new sentence without consideration of the Missouri DWI conviction.