NOT DESIGNATED FOR PUBLICATION

No. 118,596

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL HERNANDEZ-CASTANON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed November 2. 2018. Sentence vacated and case remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Rachel L. Pickering*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: The Kansas DUI law allows DUI convictions from other states to count as prior DUI offenses in Kansas—thus enhancing the penalty for the Kansas DUI—if the out-of-state statute "prohibits the acts that [the Kansas DUI law] prohibits." K.S.A. 2017 Supp. 8-1567(i). Daniel Hernandez-Castanon challenges the district court's decision to count his Texas driving-while-intoxicated (DWI) conviction as a past offense for Kansas sentencing purposes. Hernandez-Castanon is correct that the Texas DWI statute prohibited conduct more broadly than the Kansas DUI statute does. So it can't be counted unless the State can show from court documents that Hernandez-Castanon's Texas conviction came under the portion of the Texas statute that's comparable to the

1

Kansas statute. Since Hernandez-Castanon didn't raise this objection in this district court—and thus the State didn't have cause to present the relevant documentation then—we vacate his sentence and remand the case to the district court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, the State charged Hernandez-Castanon with refusal to submit to a blood-alcohol test, DUI, transporting an open container of alcohol, and two traffic infractions. The State initially charged the DUI as a misdemeanor offense, but it later amended the charge to felony DUI after discovering that Hernandez-Castanon had several prior DUI convictions, including a 2014 Kansas DUI and a 2005 Texas DWI. (Hernandez-Castanon's presentence investigation report also shows that he had a prior DUI conviction from Kentucky, but the State has not suggested, either in the district court or on appeal, that the Kentucky conviction should be considered when determining whether Hernandez-Castanon could be charged with felony DUI in Kansas.) Hernandez-Castanon eventually pleaded no contest to a third-offense DUI, and the State dismissed the remaining charges under a plea agreement.

Hernandez-Castanon's sentencing was scheduled for September 2015, but he failed to appear. He was later arrested in Texas and was brought in for sentencing on his DUI conviction nearly two years later in September 2017. The court sentenced Hernandez-Castanon to a one-year term in jail followed by one year of postrelease supervision and fined him $1,750.

Hernandez-Castanon appealed to our court, raising an issue regarding the propriety of sentencing him for a third-offense DUI.

ANALYSIS

Hernandez-Castanon claims that the district court erred in using his 2005 Texas DWI conviction to sentence him for third-offense DUI.

Before we get to that issue, we should briefly review whether Hernandez-Castanon can raise this issue on appeal since he did not challenge the use of his prior DUI convictions to enhance his sentence in district court. In addition, Hernandez-Castanon agreed in the district court that his pre-sentence investigation report, which reflected his prior DUIs, was accurate.

But the misclassification of a prior conviction results in an illegal sentence, and a court may correct an illegal sentence at any time. See K.S.A. 22-3504(1); *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). So this court may consider Hernandez-Castanon's claim for the first time on appeal. Also, Hernandez-Castanon's apparent stipulation that this was his third conviction also does not preclude appellate review, because a defendant cannot stipulate to an illegal sentence. See *State v. Hankins*, 304 Kan. 226, Syl. ¶ 3, 372 P.3d 1124 (2016).

The State agrees that we should address the merits of Hernandez-Castanon's appeal. Resolution of his claim requires statutory interpretation, over which this court has unlimited review. *State v. Gensler*, 308 Kan. 674, 677, 423 P.3d 488 (2018).

The penalty for DUI in Kansas increases based on the number of the defendant's prior convictions. See K.S.A. 2017 Supp. 8-1567(b). Out-of-state convictions may be counted too, as "'conviction' includes . . . a violation of . . . any law of another state which would constitute a crime described in subsection (i)(1)." K.S.A. 2017 Supp. 8-1567(i)(3). Subsection (i)(1) includes "[c]onvictions for a violation of [the Kansas DUI statute]." K.S.A. 2017 Supp. 8-1567(i)(1).

So Hernandez-Castanon's 2005 Texas DWI may be counted as a prior conviction—and in turn, increase the penalty for his current Kansas offense—if the Texas crime would constitute a violation of the Kansas DUI statute. To put it another way, the out-of-state statute can't be broader than the Kansas statute, because the out-of-state crime wouldn't necessarily "constitute a crime described in [the Kansas DUI statute]." See K.S.A. 2017 Supp. 8-1567(i)(3); see also *State v. Stanley*, 53 Kan. App. 2d 698, Syl. ¶ 3, 390 P.3d 40 (2016); *State v. McClellan*, No. 115,164, 2017 WL 839720 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 991 (2018).

The Kansas DUI statute prohibits the following acts:

"(a) Driving under the influence is operating or attempting to operate any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence . . . is .08 or more;

(2) the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is .08 or more;

(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

(4) under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." K.S.A. 2017 Supp. 8-1567(a).

4

The Kansas DUI statute essentially prohibits operating or attempting to operate a vehicle while (1) the person's blood-alcohol concentration is .08 or more or (2) the person is incapable of safely driving due to the influence of drug or alcohol. *Stanley*, 53 Kan. App. 2d 698, Syl. ¶ 2.

In 2005, the Texas DWI statute, Tex. Penal Code Ann. § 49.04(a), provided that "[a] person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." Texas defined "intoxicated" as:

> "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or
> "(B) having an alcohol concentration of 0.08 or more." Tex. Penal Code Ann. § 49.01(2).

Parts of the Texas and Kansas statutes criminalize the same conduct. The Texas statutes make it illegal to drive if the driver has a blood-alcohol concentration of 0.08 or more. See Tex. Penal Code Ann §§ 49.01(2)(B); 49.04(a). That same conduct is a violation of the Kansas DUI statute. See K.S.A. 2017 Supp. 8-1567(a)(1).

But there is another way to commit DWI under the Texas statute. Driving is also illegal in Texas if the driver lacks the "normal use of mental or physical abilities" due to alcohol. See Tex. Penal Code Ann. §§ 49.01(2)(A); 49.04(a). On the other hand, the Kansas DUI statute requires that the driver be sufficiently below normal performance levels so as to be "incapable of safely driving a vehicle." K.S.A. 2017 Supp. 8-1567(a). When comparing these two statutes, our court has previously noted that "[d]epending on how widely one defines 'normal use,' the two standards might be the same." *State v. Butler*, No. 107,767, 2013 WL 1457958, at *3 (Kan. App. 2013) (unpublished opinion). But our court concluded that we could not fairly make that presumption. 2013 WL 1457958, at *3. After all, it's quite possible that a person could lack the "normal use" of mental or physical abilities yet still not be "incapable of safely driving a vehicle." Thus,

5

the court held that past Texas convictions could not be considered prior offenses under K.S.A. 2010 Supp. 8-1567(o)(2). 2013 WL 1457958, at *3.

The State attempts to avoid the *Butler* analysis by pointing to a very recent amendment to the Kansas DUI statute, one made earlier this year. See L. 2018, ch. 106, § 13, amending K.S.A. 8-1567. That amendment told courts to count "comparable" out-of-state DUI convictions as prior offenses. K.S.A. 8-1567, as amended by L. 2018, ch. 106, § 13. Thus, the State argues, even though the Texas and Kansas standards aren't exactly the same, they're close enough. But to apply this new standard to Hernandez-Castanon, who was sentenced in 2017 and committed his Kansas DUI in 2014, the Legislature's amendments would have to apply retroactively—that is, to cases and events in the past.

The State does not explain in its appellate brief why the 2018 amendments should apply retroactively to Hernandez-Castanon's case. An argument not briefed is generally deemed waived and abandoned. *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015). In any case, we cannot apply the 2018 amendments retroactively. The general rule is that a statute operates prospectively unless (1) the statutory language clearly indicates the Legislature intended the statute to operate retrospectively or (2) the change is procedural or remedial in nature. *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016). Here, the 2018 amendments do not direct courts to apply the change retroactively. See K.S.A. 8-1567, as amended by L. 2018, ch. 106, § 13. And the amendments are not merely procedural since they direct district courts to count more prior DUIs against a defendant, which in turn results in longer prison sentences. See *Bernhardt*, 304 Kan. at 480 (explaining that "[a] merely procedural law does not 'change[] the legal consequences of acts completed before its effective date.' [Citations omitted.]").

The State makes one more argument. It says that this court should remand the case back to the district court to determine which provision of the Texas DWI statute Hernandez-Castanon violated. The State argues that if Hernandez-Castanon violated subsection B of Tex. Penal Code Ann. § 49.04(2) by operating a vehicle with a blood-alcohol concentration of .08 or more, then the court could consider the conviction a prior DUI offense.

None of the documents in our record show which of the applicable Texas intoxication standards Hernandez-Castanon was convicted under. But because Hernandez-Castanon did not object to his criminal history in the district court, the State had no reason to present evidence about the Texas DWI—and such evidence might show which portion of the Texas statute Hernandez-Castanon was convicted of. See K.S.A. 2017 Supp. 21-6814(c) (providing that upon receiving criminal-history worksheet, a defendant must notify the court of any error and State must prove disputed portion of the offender's criminal history).

Hernandez-Castanon argues that allowing the district court to consider evidence of his Texas conviction on remand would violate his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). That case held that a fact other than the existence of a previous conviction could not be used to increase a criminal defendant's sentence above the statutory maximum unless first proved to a jury beyond a reasonable doubt. In *Descamps v. United States*, 570 U.S. 254, 269, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), the United States Supreme Court explained that when the prior crime of conviction is broader than the crime to which it is being compared, a court may not look beyond the mere fact of a conviction and examine the facts that gave rise to the conviction and use that fact to increase a defendant's sentence.

But if a statute under which the defendant was previously convicted provides alternative ways of committing the crime—each with its own set of elements—a court

7

can look at a limited set of documents to determine which set of statutory elements it should use for purposes of comparing that prior conviction with the elements of the current comparable offense. *Descamps*, 570 U.S. at 257-58; *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2249, 195 L. Ed. 2d 604 (2016). This is known as the "modified categorical approach." See *Descamps*, 570 U.S. at 257-58. Here, the Texas Penal Code sets out two alternative sets of elements. To commit a DWI in Texas, the driver either (1) does not have normal use of mental or physical faculties by reason of drugs or alcohol or (2) has an alcohol concentration of .08 or more. Tex. Penal Code Ann. §§ 49.01(2), 49.04(a). Because the crime is divisible, the district court may consult a limited class of documents from the 2005 Texas conviction—charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial—to determine which portion of the statute Hernandez-Castanon was convicted under.

We therefore vacate Hernandez-Castanon's sentence and remand the case to the district court for resentencing.