IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,046

STATE OF KANSAS,
*Appellant*,

v.

JESSICA LYNN MYERS,
*Appellee.*

SYLLABUS BY THE COURT

1.

In Kansas, the right to appeal arises from statute, and an appellate court has jurisdiction to consider interlocutory appeals by the State only if they are taken within the time limitations and in the manner prescribed by statute.

2.

K.S.A. 2020 Supp. 22-3603 permits the State to file an interlocutory appeal from a district court order suppressing or excluding evidence that substantially impairs the State's ability to prosecute its case.

3.

When sentencing defendants as repeat offenders under K.S.A. 2020 Supp. 8-1567, driving under the influence (DUI), the Legislature intended courts to count as prior convictions those out-of-state offenses comparable to Kansas' DUI statute in title, elements, and prohibited conduct, even if the elements of the out-of-state crime are broader.

1

4.

The Missouri driving while intoxicated (DWI) statute, Mo. Rev. Stat. § 577.010, is comparable to K.S.A. 2020 Supp. 8-1567, and a conviction under Missouri's DWI statute constitutes a prior conviction under K.S.A. 2020 Supp. 8-1567(i)(3)(B).

Review of the judgment of the Court of Appeals in 58 Kan. App. 2d 903, 475 P.3d 1256 (2020). Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed December 3, 2021. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.

*Jacob M. Gontesky*, assistant district attorney, argued the cause, and *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellant.

*Adam D. Stolte*, of Stolte Law, LLC, of Overland Park, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

WALL, J.:  Jessica Lynn Myers was arrested on suspicion of operating a motor vehicle while under the influence of alcohol (DUI) in Johnson County, Kansas, on February 14, 2019. Given her two prior Missouri driving while intoxicated (DWI) convictions, the State charged Myers with felony DUI as a third-time offender.

Before trial, Myers filed a motion to strike her two prior Missouri DWI convictions, under Mo. Rev. Stat. § 577.010, from the proceedings. The district court granted the motion to strike, reasoning that Myers' prior Missouri DWI offenses were not "comparable" to those in K.S.A. 2018 Supp. 8-1567, for purposes of determining whether Myers was a repeat DUI offender, because the elements of the Missouri DWI statute were not identical to, or narrower than, the elements of the Kansas offense.

2

Without the prior Missouri DWI convictions, the State could not prosecute Myers for felony DUI, and the State filed an interlocutory appeal. The Court of Appeals held that K.S.A. 2020 Supp. 22-3603 authorized the State's appeal. But the panel majority concluded that Sixth Amendment considerations articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), require the courts to apply the "identical-to-or-narrower-than" elements test in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), when determining whether an out-of-state DUI conviction is "comparable" to K.S.A. 8-1567 and may be included as a prior conviction. *State v. Myers*, 58 Kan. App. 2d 903, 913, 919, 475 P.3d 1256 (2020). The panel majority affirmed the district court's ruling because the elements of the Missouri DWI statute are broader than the elements of the Kansas offense.

In dissent, Judge Buser rejected this holding and adopted the rationale in *State v. Patton*, 58 Kan. App. 2d 669, 475 P.3d 14 (2020), and *State v. Mejia*, 58 Kan. App. 2d 229, 466 P.3d 1217 (2020). See *Myers*, 58 Kan. App. 2d at 919 (Buser, J., concurring in part and dissenting in part). In *Patton* and *Mejia*, the Court of Appeals held that prior DWI convictions from Missouri are "comparable" to K.S.A. 8-1567, even though the elements of the out-of-state offense are broader than Kansas' DUI statute. *Patton*, 58 Kan. App. 2d at 682; *Mejia*, 58 Kan. App. 2d at 240, 249.

This appeal requires us to resolve two legal issues. First, we must interpret K.S.A. 2020 Supp. 22-3603 to determine whether it vests the appellate courts with subject matter jurisdiction over the State's interlocutory appeal. Second, assuming jurisdiction is proper, we must construe K.S.A. 2020 Supp. 8-1567 to determine whether a Missouri DWI conviction is an offense "comparable" to Kansas' DUI statute. In turn, our holding will resolve the split of opinion that has emerged between various panels of the Court of Appeals on this issue.

3

After careful consideration of the record and thorough review of the legal arguments, we hold that K.S.A. 2020 Supp. 22-3603 authorizes the State's interlocutory appeal and vests the appellate courts with subject matter jurisdiction. The statute permits the State to appeal from a district court's pretrial order suppressing evidence. For decades, we have interpreted this provision to authorize an interlocutory appeal from a district court's order excluding evidence, provided the ruling substantially impairs the State's ability to prosecute the case. Here, the district court's ruling substantially impaired the State's ability to prosecute Myers for felony DUI.

As to the merits, we conclude that the meaning of the phrase "an offense that is comparable to" Kansas' DUI statute, as used within K.S.A. 2020 Supp. 8-1567(i)(3)(B), is ambiguous. However, the legislative history makes clear the Legislature intended convictions from a nonexclusive list of jurisdictions, including Missouri, to be "comparable" offenses that qualify as a prior DUI offense under K.S.A. 2020 Supp. 8-1567, even if the elements of the out-of-state offense are broader. Therefore, the district court should have considered Myers' prior Missouri DWI convictions to determine if she had committed a first, second, third, or fourth or subsequent DUI.

FACTS AND PROCEDURAL BACKGROUND

The parties' arguments primarily raise questions of law requiring us to construe various statutory provisions. As such, most of the underlying facts are not relevant to our analysis. We briefly set forth those facts necessary to frame the legal issues raised on appeal.

The State charged Myers with a felony DUI under K.S.A. 2020 Supp. 8-1567(b)(1)(D). That provision makes a third DUI offense a felony if one of the prior DUIs occurred in the last 10 years. Myers committed one of her Missouri DWIs in 2002

4

and committed the other one in 2010, well within the 10-year lookback period contemplated by statute.

A few weeks later, Myers moved the court to "strike any prior out of state convictions from the Court's consideration." She argued that under K.S.A. 2020 Supp. 8-1567(i)(3)(B), a court could consider out-of-state convictions only if they were "comparable" to a Kansas DUI offense and that under *Wetrich*, 307 Kan. at 562, convictions were "comparable" only if the elements of the out-of-state crime were identical to, or narrower than, the elements of the Kansas crime. The elements of the Missouri DWI statute were instead broader, Myers said, precluding the court from considering her two convictions from that state. The district court agreed and granted her motion. The State then timely filed this interlocutory appeal.

On appeal, Myers challenged the jurisdiction of the Court of Appeals. She claimed that K.S.A. 2020 Supp. 22-3603 did not authorize the State's appeal from the district court's order to strike. The Court of Appeals panel disagreed and held that it had jurisdiction to hear the State's appeal because the lower court's order had substantially impaired the State's ability to prosecute Myers as a third-time, felony DUI offender. *Myers*, 58 Kan. App. 2d at 906-09.

But a majority of the panel agreed with Myers on the merits and held that Myers' prior Missouri DWI convictions could not be used to prosecute her as a third-time offender. 58 Kan. App. 2d at 919. As explained in more detail below, when deciding whether an out-of-state DUI offense is "comparable" to a Kansas offense, K.S.A. 2020 Supp. 8-1567(j)(3) directs courts to consider "the name" and "elements" of the out-of-state offense and whether that offense "prohibits similar conduct." The majority believed these statutory factors invited sentencing courts to engage in judicial fact-finding prohibited by *Apprendi*, 530 U.S. at 490 (holding that Sixth Amendment prohibits a

5

sentencing court from engaging in judicial fact-finding, other than prior convictions, to enhance the defendant's sentence). *Myers*, 58 Kan. App. 2d at 911-12. To avoid this result, the majority construed the statute to require a sentencing court to employ *Wetrich*'s identical-to-or-narrower-than rule when determining whether an out-of-state conviction is "comparable." The majority reasoned that this construction would standardize the classification of out-of-state convictions and resolve any constitutional concerns under *Apprendi*. *Myers*, 28 Kan. App. 2d at 913-14.

Both parties sought review of the panel's decision. Myers argued that the panel incorrectly held that it had jurisdiction over the State's interlocutory appeal. The State argued that the panel's interpretation of K.S.A. 2020 Supp. 8-1567 was erroneous. We granted review of both petitions.

ANALYSIS

To resolve this appeal, we must answer two questions. First, does K.S.A. 2020 Supp. 22-3603 vest this court with jurisdiction over the State's interlocutory appeal? Second, if it does, do Missouri DWI convictions count as prior convictions under K.S.A. 2018 Supp. 8-1567(i) and (j) for purposes of sentencing a defendant as a repeat DUI offender? Answering each question requires us to engage in statutory interpretation, so we begin by outlining the applicable standard of review and legal framework.

*I. Standard of Review and Legal Framework*

As we have often said, the most fundamental rule of statutory construction is that we follow the Legislature's intent when we can establish it. We begin that search by looking at the statutory language. If that language is clear and unambiguous, we stop there. But if the language is unclear or ambiguous, then we must ascertain the

Legislature's intent by consulting legislative history and employing traditional canons of statutory construction. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019).

District courts and the Court of Appeals use the same approach. But statutory interpretation presents a question of law, so our review of the lower courts' conclusions is unlimited. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). And we need not defer to their interpretation of K.S.A. 2020 Supp. 22-3603 (the jurisdiction statute) or K.S.A. 2020 Supp. 8-1567 (the DUI statute).

## II. *K.S.A. 2020 Supp. 22-3603 Vests the Appellate Courts with Jurisdiction Over the State's Interlocutory Appeal*

The State filed an interlocutory appeal of the district court's order striking Myers' two Missouri DWI convictions. In Kansas, the right to appeal arises from statute, and we have jurisdiction to consider interlocutory appeals by the State only if they are taken within the time limitations and in the manner prescribed by statute. *State v. Sales*, 290 Kan. 130, 134, 224 P.3d 546 (2010). Here, K.S.A. 2020 Supp. 22-3603 defines the interlocutory appeal rights of the State. It permits the State to appeal when the district court has quashed a warrant or suppressed evidence, confessions, or admissions:

> "When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within 14 days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal." K.S.A. 2020 Supp. 22-3603.

The State's appeal was timely under that statute, so the controlling question is whether the district court's order to strike Myers' prior Missouri convictions falls within the scope of the statute. Myers argues that it does not and we lack jurisdiction to consider

the appeal. The State argues the district court's order falls within the scope of the statute because it is an order "suppressing evidence."

Initially, Kansas appellate courts narrowly construed the term "suppressing evidence" in K.S.A. 22-3603 to mean the suppression of evidence unconstitutionally obtained by the government. See *State v. Boling*, 5 Kan. App. 2d 371, Syl. ¶ 5, 617 P.2d 102 (1980). But in *State v. Newman*, 235 Kan. 29, 35, 680 P.2d 257 (1984), this court rejected that narrow reading. Drawing from the legislative history of K.S.A. 22-3603, *Newman* held that an order "suppressing evidence" includes "rulings of a trial court which exclude state's evidence so as to substantially impair the state's ability to prosecute the case." 235 Kan. at 34.

The State can demonstrate substantial impairment of the prosecution even when the district court's evidentiary ruling does not technically foreclose the State from prosecuting the defendant or prevent it from proving the elements of the charged crime. See *State v. Huninghake*, 238 Kan. 155, 157, 708 P.2d 529 (1985). Moreover, we have held that a district court's order to exclude aggravating circumstances evidence at sentencing substantially impaired the State's ability to prosecute its sentencing case, thereby authorizing the State's appeal pursuant to K.S.A. 2020 Supp. 22-3603. See *State v. Kleypas*, 282 Kan. 560, 564-65, 147 P.3d 1058 (2006). Thus, an order excluding evidence need not completely prevent the State from obtaining a conviction to substantially impair its ability to prosecute.

While appellate courts "should not take jurisdiction of the prosecution's interlocutory appeal from every run-of-the-mill pretrial evidentiary ruling of a district court," jurisdiction is proper under K.S.A. 2020 Supp. 22-3603 where the prosecution "make[s] a showing to the appellate court that the pretrial order of the district court

8

appealed from substantially impairs the state's ability to prosecute the case." *Newman*, 235 Kan. at 35.

We conclude that the State has made that showing here. To explain why, it is first helpful to understand how the Legislature chose to address repeat DUI offenders under K.S.A. 2020 Supp. 8-1567. That statute establishes progressively enhanced penalties for repeat offenders. See K.S.A. 2020 Supp. 8-1567(b)(1)(A)-(E). A first conviction is a misdemeanor. K.S.A. 2020 Supp. 8-1567(b)(1)(A). A second conviction is a misdemeanor with increased jail time and fines. K.S.A. 2020 Supp. 8-1567(b)(1)(B). A third conviction is either a misdemeanor with even more severe penalties or a felony if the person has a prior DUI within the last 10 years. K.S.A. 2020 Supp. 8-1567(b)(1)(C), (D). And a fourth or subsequent conviction is always a felony. K.S.A. 2020 Supp. 8-1567(b)(1)(E).

Here, the State charged Myers with a third-time, felony DUI offense. The State based the felony charge on Myers' two prior Missouri DWI convictions, one of which occurred within the preceding 10 years. But the district court granted Myers' motion to strike, precluding the court from considering those two convictions for any purpose in the proceedings. The district court could have dismissed the felony charge at that juncture. Had it done so, the dismissal would have triggered the State's statutory right to appeal pursuant to K.S.A. 2020 Supp. 22-3602(b)(1). Instead, the district court's ruling merely suppressed evidence of the prior Missouri DWI convictions without dismissing the complaint. Without these convictions, the State could prosecute Myers only for a first-time, misdemeanor DUI offense, rather than the felony count as charged. We are convinced that the district court's ruling "substantially impaired" the State's ability to prosecute Myers for felony DUI. Therefore, jurisdiction to consider the State's interlocutory appeal is proper under K.S.A. 2020 Supp. 22-3603.

9

*III. The District Court Erred by Suppressing Evidence of the Defendant's Prior Missouri DWI Convictions Under K.S.A. 2020 Supp. 8-1567(i)(3)(B) and (j)*

As noted, K.S.A. 2020 Supp 8-1567 provides progressively enhanced penalties for repeat offenders. See K.S.A. 2020 Supp. 8-1567(b)(1)(A)-(E). The Legislature has specified which prior convictions the court should consider when determining whether to sentence a defendant as a first-time, second-time, third-time, or fourth-or-subsequent-time offender. See K.S.A. 2020 Supp. 8-1567(i)(1)-(6).

Where, as here, the defendant has an out-of-state conviction, K.S.A. 2020 Supp. 8-1567(i)(3)(B) provides that courts should count convictions "of a violation of . . . any law of another jurisdiction that would constitute an offense that is comparable" to the offenses described in the Kansas DUI statute. Myers argues that an out-of-state DUI conviction may constitute a prior offense only if the elements of that out-of-state offense are identical to, or narrower than, the elements of the Kansas DUI law. The district court and Court of Appeals majority adopted this interpretation of K.S.A. 2020 Supp. 8-1567. However, the State argues the Legislature intended out-of-state DUI convictions to count if they are merely *similar* to the Kansas DUI law, even if the elements of the out-of-state offense are broader than the elements of the Kansas DUI law. We must employ traditional rules of statutory construction to ascertain the intent of the Legislature under K.S.A. 2020 Supp. 8-1567(i)(3)(B) and determine whether the lower courts properly excluded Myers' Missouri convictions.

 *A. The Meaning of K.S.A. 2020 Supp. 8-1567(i)(3)(B) and (j) Remains Ambiguous*

We conducted an analogous statutory analysis in *Wetrich.* There, we interpreted K.S.A. 2017 Supp. 21-6811(e)(3), a provision that guides the courts in deciding whether prior out-of-state offenses are classified as person or nonperson crimes for criminal history purposes under the revised Kansas Sentencing Guidelines Act (KSGA). That

10

statute directed the State to compare the out-of-state offense to "comparable offenses" under the Kansas Criminal Code:

> "(3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, *comparable offenses* under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a *comparable offense* in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime." (Emphases added.) K.S.A. 2017 Supp. 21-6811(e)(3).

In *Wetrich*, we had to determine whether the Legislature intended "comparable offenses" to be limited by defendant's proposed "identical-to-or-narrower-than" elements test or, instead, the State's broader interpretation of the statute.

As always, we started with the text of the statute. *Wetrich* first consulted dictionaries and thesauruses to determine the common meaning of "comparable." The exercise revealed two common meanings:  (1) akin, alike, or approximate (which supported the State's position); and (2) identical, interchangeable, or equivalent (which supported the defendant's position). 307 Kan. at 559-60. Based on that ambiguity, we turned to the statute's legislative history and concluded that the "identical-to-or-narrower-than" elements approach to classifying out-of-state offenses as person or nonperson crimes more closely tracked the purposes and objectives of the KSGA. 307 Kan. at 561-62.

While we find *Wetrich*'s analytical model instructive, this case requires us to interpret different statutory provisions. Like the statute at issue in *Wetrich*, K.S.A. 2020 Supp. 8-1567(i)(3)(B) directs courts to consider whether out-of-state offenses are "comparable" to a Kansas offense. But the DUI statute identifies additional factors

11

relevant to the comparability analysis, including "the name" and "elements" of the out-of-state offense and whether that offense "prohibits similar conduct":

> "(j) For the purposes of determining whether an offense is comparable, the following shall be considered:
>
> > (1) The name of the out-of-jurisdiction offense;
> > (2) the elements of the out-of-jurisdiction offense; and
> > (3) whether the out-of-jurisdiction offense prohibits similar conduct to the conduct prohibited by the closest approximate Kansas offense." K.S.A. 2020 Supp. 8-1567(j)(1)-(3).

While these factors provide additional guidance, they do not resolve the ambiguity in the meaning of a "comparable" out-of-state DUI conviction. The amended statute identifies factors that sentencing courts "shall" consider when conducting a comparability analysis, but it is unclear precisely *how* a district court should consider them. Is one factor enough? Should the court consider the totality of the circumstances? Are the factors weighted evenly? And how similar must an offense (or the prohibited conduct) be to deem it comparable to a Kansas DUI? The text of K.S.A. 2020 Supp. 8-1567 alone does not resolve these open questions.

Based on that ambiguity, we turn to the legislative history to determine what the Legislature intended when it defined a "conviction" to include "a violation of . . . any law of another jurisdiction that would constitute an offense that is comparable" to the offenses described in the Kansas DUI statute. K.S.A. 2020 Supp. 8-1567(i)(3)(B). See *State v. Coman*, 294 Kan. 84, 93, 273 P.3d 701 (2012) (When faced with statutory ambiguity, the canons of statutory construction must be applied and legislative history consulted for indications of legislative intent.).

12

*B.    The Legislature's 2018 Amendments to K.S.A. 8-1567 Responded to* Stanley

In 2018, the Legislature amended the DUI statute by defining a "conviction" to include a "conviction of a violation of . . . any law of another *jurisdiction that would constitute an offense that is comparable to the offense described in subsection (i)(1) or (i)(2).*" See L. 2018, ch. 106, § 13. The Legislature also created the three "comparability" factors referenced above in subsection (j). See L. 2018, ch. 106, § 13. Before those amendments, an out-of-state conviction counted as a prior conviction if the other state's DUI law would "constitute a crime described" in the Kansas DUI law. K.S.A. 2012 Supp. 8-1567 (i)(1), (3).

A panel of the Court of Appeals interpreted the prior version of the statute in *State v. Stanley*, 53 Kan. App. 2d 698, 390 P.3d 40 (2016). It construed the statute narrowly to include as a prior offense only those out-of-state offenses whose elements were identical to, or narrower than, the elements of K.S.A. 8-1567. 53 Kan. App. 2d at 700-01. The panel determined that the elements of Missouri's DWI statute were broader than those of the Kansas DUI statute. Therefore, it held K.S.A. 2012 Supp. 8-1567 precluded the district court from counting a Missouri conviction as a prior DUI conviction. 53 Kan. App. 2d at 701.

Two years later, the Kansas County and District Attorneys Association lobbied the Legislature to overhaul the Kansas DUI statute. Representatives of that organization testified that *Stanley*, along with other precedent, had made the enforcement of Kansas' DUI statute confusing and ineffective. See, e.g., Hearing on S.B. 374 Before the Kansas Senate Judiciary Committee (February 12, 2018) (testimony of Aaron Breitenbach).

The organization's proposed statutory amendments were reflected in S.B. 374, which was introduced in the Senate on February 5, 2018. Sen. Journal, p. 1538 (February

13

5, 2018). New section 1 proposed to count prior DUI convictions from any other state or territory as an offense comparable to Kansas' DUI statute. Specifically, the proposed language provided that "convictions for a violation of any of the following laws, and amendments thereto" would be deemed comparable offenses, and then the bill listed the DUI statutes for all 49 states, the District of Columbia, and Puerto Rico. S.B. 374 (2018), as introduced, pp. 2-3.

Before the Senate Judiciary Committee, S.B. 374 supporters testified that the proposed amendment was a direct response to the panel's holding in *Stanley*. The chair of the Kansas County and District Attorneys Association's DUI Legislative Group noted that the proposal was a "comprehensive response" to *Stanley* and other cases. Testimony of Breitenbach on S.B. 374.

A Johnson County assistant district attorney also complained that *Stanley* had forced the county's probation office to regularly amend what should have been felony DUIs to misdemeanor DUIs:

> "In Johnson County the ramifications of the *State v. Stanley* decision cannot be taken lightly. From 2016 to 2017 we have seen a 9% decrease in the number of felony DUI's supervised by our probation office. On a weekly basis, our office must amend felony DUI's to misdemeanor DUI's because of the inability to use out of state convictions, in particular Missouri convictions, in light of *Stanley*. Repeat offenders are not being held accountable at the level the legislature intended them to be because the Court of Appeals ruled the Kansas statute was more stringent. In other words, because Missouri law says you are Driving While Intoxicated (DWI) if you are in an intoxicated or drugged condition and Kansas law says it is to a degree that renders the person incapable of safely operating a vehicle, the court held the degree of intoxication could be different and therefore a conviction under this MO statute cannot be used as prior conviction in Kansas." Hearing on S.B. 374 Before the Kansas Senate Judiciary Committee (February 12, 2018) (testimony of R. Ann Henderson).

14

The McPherson County Attorney raised similar concerns:

"Kansas courts have severely limited out-of-state DUI convictions that count towards a prior DUI conviction in Kansas. While our sister states may define a DUI in different words, a DUI conviction in one state should be a DUI conviction in our state. Section 1 of this proposal addresses this issue to make certain that drivers with prior DUI convictions in another state are treated similarly to drivers with prior Kansas DUI convictions." Hearing on S.B. 374 Before the Kansas Senate Judiciary Committee (February 12, 2018) (testimony of Gregory Benefiel).

But the Senate ultimately passed an amended bill that did not contain the original language of section 1 (which characterized all DUI statutes in other states, the District of Columbia, and Puerto Rico as offenses comparable to DUI in Kansas). S.B. 374 (2018), as amended by Senate Committee, pp. 1-3. According to a supplemental note prepared by the Legislative Research Department, the Kansas County and District Attorneys Association offered an amendment that removed this language at the request of the Judiciary Committee. Supplemental Note on Senate Bill No. 374 (2018), p. 8-374. The record does not explain why the Committee sought that amendment.

The Senate's amended version of S.B. 374 was introduced in the House of Representatives and referred to the House Judiciary Committee. House Journal, p. 2447 (February 28, 2018); House Journal, p. 2452 (March 1, 2018). Several interested parties requested the House Judiciary Committee reinstate the original language from section 1. The witnesses testified that without the original language from section 1, sentencing courts would still be required to apply the "identical-to-or-narrower-than" elements test to define "comparable" offenses, which would exclude many out-of-state DUI convictions from being counted as prior offenses. See Hearing on S.B. 374 Before the Kansas House Judiciary Committee (March 13, 2018) (testimony of Karen Wittman); Hearing on S.B.

15

374 Before the Kansas House Judiciary Committee (March 13, 2018) (testimony of Kim Parker); Hearing on S.B. 374 Before the Kansas House Judiciary Committee (March 13, 2018) (testimony of Amanda Stanley).

The House responded to these concerns by adopting a substitute version of S.B. 374. This substitute bill added the "comparability" provisions found in the current version of the statute at K.S.A. 2020 Supp. 8-1567(i)(3)(B) and (j)(1)-(3). See H. Sub. for S.B. 374, pp. 17-18.

After the House passed the substitute version, S.B. 374 returned to the Senate. The Senate did not concur with the House's substitute bill and requested a conference committee. House Journal, p. 2729 (April 2, 2018). However, the version of the bill that emerged from conference retained the comparability provisions added to the substitute version. The conference committee also added a preamble to the bill, which is an "introductory statement in a constitution, statute, or other document explaining the document's basis and objective." Black's Law Dictionary 1423 (11th ed. 2019). The first section of the preamble explained that the Legislature intended courts to count an out-of-state DUI conviction as a prior offense, even if the out-of-state statute is broader than the Kansas DUI statute:

> "WHEREAS, The Legislature intends that the provisions of this act related to comparability of an out-of-jurisdiction offense to a Kansas offense shall be liberally construed to allow comparable offenses, regardless of whether the elements are identical to or narrower than the corresponding Kansas offense, to be included in a person's criminal history." House Journal, p. 3078 (May 2, 2018).

The second section of the preamble explained that the Legislature intended convictions from a nonexclusive list of jurisdictions, including Missouri, to be comparable offenses that qualify as a prior DUI offense under K.S.A. 8-1567:

16

"WHEREAS, The Legislature intends to promote the inclusion of convictions for such offenses in a person's criminal history, including, but not limited to, any violation of: Wichita municipal ordinance section 11.38.150; Missouri, V.A.M.S. § 577.010 or V.A.M.S. § 577.012; Oklahoma, 47 Okl. St. Ann. § 11-902; Colorado, C.R.S.A. § 42-4-1301(1); and Nebraska, Neb. Rev. St. § 60-6,196." House Journal, p. 3078 (May 2, 2018).

The House and Senate both adopted the version of the bill that came out of the conference committee. House Journal, p. 3097 (May 2, 2018); House Journal, p. 3117 (May 3, 2018). The Governor signed the bill, and it went into effect on July 1, 2018. Sen. Journal, p. 2475 (May 4, 2018); L. 2018, ch. 106, § 13.

> C. *The Legislature Intended to Eliminate the Identical-to-or-Narrower-than Test for Comparability of Out-of-State DUI Offenses and to Include Missouri DWI Convictions as Comparable Offenses Under K.S.A. 8-1567*

The legislative history of S.B. 374 evidences the Legislature's intent to reject the identical-to-or-narrower-than approach as the controlling definition of a "comparable" offense. Instead, the Legislature intended to include out-of-state statutes similar to the Kansas DUI statute, even if the elements are broader than the DUI offense in Kansas.

The preamble tells us as much. First, the Legislature explicitly rejects the identical-to-or-narrower-than approach to determining whether an out-of-state DUI conviction qualifies as a prior offense. The first section of the preamble states that the Legislature intends for "comparable offenses" to be included in a person's criminal history "regardless of whether the elements are identical to or narrower than the corresponding Kansas offense." L. 2018, ch. 106, Preamble.

17

Second, the preamble states that provisions related to the "comparability of an out-of-jurisdiction" offense should be "liberally construed." When the directive to liberally construe "applies to interpretation of only the statute in which it is contained"—as it does here—the directive may reflect the "legislature's clarification of the statute's meaning." Scalia & Garner, Reading Law: The Interpretation of Legal Texts 244 (2012). That appears to be the case here. A fair reading of the preamble establishes that the Legislature intended courts to interpret the statute "with a thumb on the side of the scales that produces expansive application of the statute." Scalia, at 245.

We of course recognize that a legislative preamble is not part of the enacted statute. But, when faced with statutory ambiguity, "[a] preamble, purpose clause, or recital is a permissible indicator of meaning." Scalia, at 217. Such prefatory clauses set forth "the assumed facts and the purposes that the majority of the enacting legislature . . . had in mind, and these can shed light on the meaning of the operative provisions that follow." Scalia, at 218.

The legislative testimony is also instructive. The prosecutors who lobbied the Legislature to overhaul the Kansas DUI law and drafted S.B. 374, as introduced, testified that the amendments were necessary to change the law in the wake of *Stanley*'s adoption of the "identical-to-or-narrower-than" elements approach to defining "comparable" out-of-state offenses for sentencing purposes. After the Senate passed a version of S.B. 374 that eliminated those amendments in section 1, the prosecutors lobbied the House Judiciary Committee to reinsert the language so that courts could count a broader range of out-of-state convictions when sentencing defendants as repeat DUI offenders. The final version of the bill did not reinsert section 1 as originally drafted, but it did respond to the proponents' concern by adding the comparability provisions found in the current version of the statute. Likewise, the Legislature added the preamble language clarifying that convictions for out-of-state DUI offenses similar to Kansas' DUI statute, including

18

Missouri DWI convictions, are comparable offenses that should be considered when sentencing a defendant as a repeat DUI offender.

In short, the Legislature intended the 2018 amendments to K.S.A. 2020 Supp. 8-1567 to require sentencing courts to count out-of-state convictions under laws similar to, though perhaps broader than, K.S.A. 2020 Supp. 8-1567. As noted previously, Myers has two prior Missouri convictions under Mo. Rev. Stat. § 577.010. Because one of those convictions happened within 10 years of her arrest here, the State charged Myers with felony DUI, as a third-time offender. We must now decide whether those Missouri convictions count as comparable out-of-state convictions under our construction of K.S.A. 2020 Supp. 8-1567(i)(3)(B). We conclude that they do.

*Stanley* determined that the elements of a Missouri DWI under Mo. Rev. Stat. § 577.010 are broader than the elements of Kansas DUI under K.S.A. 2012 Supp. 8-1567(a). 53 Kan. App. 2d at 701. A different panel of the Court of Appeals reached the same conclusion in *State v. Mejia*, 58 Kan. App. 2d 229, 241-42, 466 P.3d 1217, *rev. denied* 312 Kan. 898 (2020). And neither the State nor Myers disputes that the Missouri statute is broader, so we presume that it is.

Even so, the Legislature plainly intended courts to count convictions under Mo. Rev. Stat. § 577.010 as comparable out-of-state convictions for determining whether a defendant is a first-, second-, third-, or fourth-or-subsequent-time DUI offender. The prior version of the statute directed courts to count a "conviction of a violation of . . . any law of another state which would *constitute a crime*" under the Kansas DUI statute. (Emphasis added.) K.S.A. 2012 Supp. 8-1567(i)(1), (3). Our appellate courts interpreted that language to require the "identical-to-or-narrower-than" test. The Legislature then amended the statute and directed courts to count a "conviction of a violation of . . . any law of another jurisdiction that would constitute an offense that is *comparable to the*

19

*offense* described" in the Kansas DUI statute. (Emphasis added.) K.S.A. 2020 Supp. 8-1567(i)(3)(B). The modified statutory language clearly reflects the Legislature's intent to broaden the meaning of comparable out-of-state-offenses.

Further, the preamble and legislative testimony confirm that those 2018 amendments to K.S.A. 8-1567 were designed to dispose of the "identical-to-or-narrower-than" elements test as the controlling definition of a "comparable" out-of-state offense. In its place, the Legislature intended to define "comparable" out-of-state offenses to include those that are similar to Kansas' DUI statute in title, elements, and prohibited conduct, including Missouri's DWI statute specifically, even if the elements of the out-of-state crime are broader.

We do not mean to suggest that a conviction under the DUI law of *any* state should count as a prior conviction in a DUI prosecution. After all, the DUI laws of some states may be far broader than K.S.A. 2020 Supp. 8-1567. And the variance may preclude a finding that the out-of-state offense is one that is "comparable to the offense described" in Kansas' DUI statute. But we need not define the outer boundaries or contours of "comparable" out-of-state convictions under K.S.A. 2020 Supp. 8-1567(i)(3)(B) to resolve this appeal. Here, Myers' prior convictions were in Missouri only. And the record makes clear that when sentencing a defendant as a repeat DUI offender, the Legislature intended a prior Missouri DWI conviction to be a "comparable" offense.

We also disagree with the majority of the panel below that the comparability factors in K.S.A. 2020 Supp. 8-1567(j) invite judicial fact-finding in contravention of *Apprendi*. Subsections (j)(1) and (j)(2) clearly direct sentencing courts to look to the out-of-state offense's title and elements to determine if the offense is comparable for purposes of K.S.A. 2020 Supp. 8-1567(i)(3). No judicial fact-finding is required under those subsections. Nor does subsection (j)(3) invite fact-finding. That subsection directs courts

20

to consider whether the out-of-state offense prohibits "similar conduct" to that of the "closest approximate Kansas offense." See K.S.A. 2020 Supp. 8-1567(j)(3). That subsection requires the district court to evaluate the statutory language of the out-of-state offense, not the facts underlying the conviction, to determine what conduct is prohibited. Further, the determination of whether an out-of-state offense is "similar enough" to a Kansas offense is a legal determination, not a factual one. See *James v. United States*, 550 U.S. 192, 214 & 214 n.8, 127 S. Ct. 1586, 167 L. Ed. 2d 532 (2007) (judicial inquiry into whether prior conviction "involves conduct that presents a serious potential risk of physical injury to another" requires "statutory interpretation, not judicial factfinding" and thus does not implicate *Apprendi*), *overruled on other grounds by Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Therefore, K.S.A. 2020 Supp. 8-1567 does not implicate any of the Sixth Amendment considerations articulated in *Apprendi*.

Based on the foregoing, we reverse the district court's ruling to strike Myers' prior Missouri DWI convictions and reverse the Court of Appeals holding that prior Missouri DWI convictions are not "comparable" to Kansas' DUI offense, based on the identical-to-or-narrower-than" elements test, for purposes of sentencing a defendant as a repeat DUI offender. We remand the matter to the district court for further proceedings consistent with this opinion.